[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
On January 13, 1992, the plaintiffs, Anastasia Leonidas and Pentaleon Leonidas, filed a two count complaint against the defendants, Robert Greco, Ralph Greco, Angelo Greco, Anthony Greco d/b/a Central Garage, and Central Plowing. In the first count, Anastasia Leonidas [plaintiff] alleges that she slipped and fell on snow and ice on her employer's premises, sustaining injuries as the result of the defendants' negligence in failing to plow or remove the snow and ice. In the second count, Pentaleon Leonidas alleges that as a result of the defendants' negligence, he sustained damages for the loss of consortium of his wife, Anastasia Leonidas.[1]
CT Page 8611
On January 27, 1992, the plaintiff's employer, Foodways National, Inc. [Foodways], filed a motion to intervene pursuant to General Statutes § 31-293, accompanied by a copy of the intervening complaint, to recover worker's compensation payments made to the plaintiff by Foodways. On March 10, 1992, the court, Hennessey, J., granted Foodways' motion to intervene, and Foodways thereafter served the intervening complaint upon the defendants.
On July 13, 1992, the defendants filed an answer and special defense to the complaint. In their special defense, the defendants allege that the plaintiff's injuries were caused by her own negligence. Also on July 13, 1992, the defendants filed an answer and special defense to the intervening complaint. In their special defense, the defendants allege that the plaintiff's negligence was the proximate cause of the injuries for which Foodways claims to have paid workers' compensation.
On April 14, 1993, the defendants filed requests for leave to file amended answers to the complaint and the intervening complaint, accompanied by the proposed amendments. In their amended answer to the complaint, the defendants added a second special defense alleging that the plaintiff's injuries were due to the negligence of Foodways, "and any damages the plaintiff recovers from the defendants should be reduced by the percentage of negligence apportioned to Foodways . . . pursuant to C.G.S. [§] 52-572h." In their amended answer to the intervening complaint, the defendants allege under the heading "First Special Defense" that Foodways' negligence was the proximate cause of the plaintiff's injuries. In their amended answer to the intervening complaint, the defendants also added a two count counterclaim. In both counts, the defendants allege that the plaintiff's injuries were caused by the negligence of Foodways. In the first count, the defendants allege that Foodways is liable to indemnify the defendants for any damages awarded to the plaintiff against the defendants. In the second count, the defendants allege that "damages [should] be apportioned to Foodways . . . according to its negligence to the plaintiff." In their demand for relief, the defendants seek indemnification, apportionment pursuant to General Statutes § 52-572h and "any and all rights of contribution of the defendants from the intervening plaintiff as may apply, pursuant to C.G.S. § 52-572h." CT Page 8612
On April 16, 1993, Foodways filed a request to revise the special defense to include a more complete and particular statement of the factual allegations regarding Foodways' alleged negligence. On April 22, 1993, Foodways filed an objection to the amended answer to the intervening complaint.
On April 23, 1993, the defendants filed a "Revised Answer and Special Defenses." In this pleading, apparently in response to Foodways' request to revise, the defendants assert two special defenses. In the first special defense, the defendants allege that the plaintiff's injuries were caused by the negligence of Foodways. In the second special defense, the defendants allege that the plaintiff's injuries were caused by the plaintiff's own negligence. On May 11, 1993, Foodways filed a motion to strike the first and second special defenses to the intervening complaint.[2] On November 22, 1993, Foodways filed a motion to strike the defendants' counterclaim. In its motion, Foodways asserts that the entire counterclaim should be stricken because the defendants have not alleged sufficient facts to overcome the exclusive remedy provision of the workers' compensation act, General Statutes § 31-284(a). Foodways further argues that in the first count, the defendants fail to allege the requirements of a common law indemnification claim, and that the second count, in which the defendants seek apportionment, is "insufficient to state a claim upon which relief may be granted under the circumstances of this case."
On February 24, 1994, apparently in response to the motion to strike, the defendants filed an amended two count counterclaim, alleging the same causes of action as the original counterclaim, but expanding upon the allegations of the indemnification claim in the first count. On March 8, 1994, the defendants filed a memorandum in opposition to Foodways' motion to strike, stating that they had amended their counterclaim with respect to Foodways' motion to strike the first count, and arguing in opposition to the motion to strike the second count. On March 17, 1994, Foodways filed an objection to the defendants' amended counterclaim on the ground that in filing the amended counterclaim, the defendants did not comply with the provisions of Practice Book § 176. On the same date, Foodways filed a "Memorandum of Law in Further Support of Its Motion to Strike," in which it responds to the defendants' arguments in opposition to its motion to strike the second count. Also on March 17, 1994, Foodways filed a CT Page 8613 request to revise, seeking revision of the first count of the amended counterclaim and claiming that it is not waiving its objection to the amended counterclaim. On April 5, 1994, the defendants filed an objection to the request to revise. By order dated June 10, 1994, this court, Hennessey, J., overruled the defendants' objection to the request to revise the first count of the amended counterclaim. Therefore, the only issue remaining before the court is Foodways' motion to strike the second count of the amended counterclaim.
A motion to strike challenges the legal sufficiency of a counterclaim, or any one or more counts thereof, to state a claim upon which relief can be granted. Practice Book § 152(1). A motion to strike admits all facts well pleaded;Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989); but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc.,196 Conn. 91, 108, 401 A.2d 368 (1985).
In ruling upon a motion to strike, the court may consider only those grounds raised in the motion. Blancato v.Feldspar, 203 Conn. 34, 44, 522 A.2d 1235 (1987). The court is limited to the facts alleged in the pleading that is the subject of the motion to strike. Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). The court must view, the facts alleged in the pleading in the light most favorable to the pleader. Ferryman v. Groton, supra,212 Conn. 146.
Foodways argues that the second count is legally insufficient in that the Connecticut Supreme Court, in Durniakv. August Winter Sons Inc., 222 Conn. 775, 610 A.2d 1277
(1992), held that the negligence of the employer cannot be raised as a special defense when the employer has intervened in a plaintiff's personal injury action in order to secure reimbursement of workers' compensation benefits. Foodways asserts that just as the employer's negligence cannot be raised as a special defense in order to obtain apportionment of damages under General Statutes § 52-572h, it cannot be asserted in a counterclaim seeking apportionment of damages pursuant to General Statutes § 52-572h.
General Statutes § 31-284(a) provides in relevant part: "An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising CT Page 8614 out of and in the course of his employment . . . but an employer shall secure compensation for his employees. . . ." General Statutes § 31-293(a) provides in relevant part: "When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of such injured employee against such other person, but such injured employee may proceed at law against such person to recover damages for such injury; and any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against such other person to recover any amount that the has paid or has become obligated to pay as compensation to such injured employee. . . ." General Statutes § 52-572h provides in relevant part: "(b) In causes of action based on negligence, contributory negligence shall not bar recovery in an action by any person . . . to recover damages resulting from personal injury . . . if the negligence was not greater than the combined negligence of the person or persons against whom recovery is sought including settled or released persons under subsection (n) of this section. . . . (c) In a negligence action to recover damages resulting from personal injury . . . if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the . . . damages."
In Durniak, the court addressed the question, certified to the Connecticut Supreme Court from the United States District Court pursuant to General Statutes § 51-199a and Practice Book § 4168 of: "`Is it proper for a defendant to raise the negligence of the plaintiff's employer as a special defense in answer to the intervening complaint of the plaintiff's employer in a case where the intervening complaint is based solely upon the statutory rights accorded the plaintiff's employer under Connecticut General Statute[s] § 31-293?'" Id., 778 n. 3. The court answered the certified question, "No." Id., 778.
The court in Durniak stated that the workers' compensation act "represents a complex and comprehensive statutory scheme balancing the rights and claims of the CT Page 8615 employer and the employee arising out of work-related personal injuries. Because of the comprehensive nature of the act, the responsibility for carving out exceptions from any one of its provisions belongs to the legislature and not to the courts. . . . The legislature manifestly has the competence to enact statutes relating workers' compensation to tort reform. . . . It is . . . inappropriate, in this case, for us to undermine the tradeoffs that underlie workers' compensation by importing contributory or comparative negligence into the no fault workers' compensation reimbursement program." (Citations omitted.) Id., 781. The court noted: "This conclusion does not create an irreconcilable conflict between the workers' compensation statute and General Statutes § 52-572h, the comparative negligence statute. By its own terms, the comparative negligence statute applies only to `causes of action based on negligence.' General Statutes § 52-572h(b). Accordingly, its terms do not govern statutory causes of action that have no common law counterpart. . . . Because an employer's right to obtain reimbursement from a third party tortfeasor is a statutory claim that is derived in its entirety from § 31-293(a) . . . the employer's claim does not fall within the compass of § 52-572h." (Citations omitted.) Id., 781-82.
The issue of whether counterclaims in general seeking apportionment pursuant to § 52-572h are legally sufficient causes of action was not raised as a ground for this motion to strike. Without addressing that issue, this court finds that the court's holding in Durniak is applicable to a counterclaim against an intervening employer as well as a special defense based upon the employer's negligence. Accordingly, the defendants' second count, seeking apportionment of damages pursuant to § 52-572h based upon the negligence of Foodways, is legally insufficient.
The defendants argue that they have alleged an independent contractual relationship between themselves and Foodways so that they fall within the parameters of an exception stated in a footnote in Durniak. In Durniak, the court noted in a footnote: "A different result might follow if the special defense alleged not merely the negligence of the employer but included some other basis for liability such as the existence of an independent relationship between the defendant and the employer. See Ferryman v. Groton, 212 Conn. 138,143-45, 561 A.2d 432 (1989); 2B A. Larson, Workmen's CT Page 8616 Compensation Law (1989) § 76.00, p. 14-644." (Emphasis added.) Id., 782 n. 5. The defendants have not indicated how their allegation of an independent relationship would entitle them to assert a legally sufficient claim for apportionment of damages pursuant to § 52-572h. In Ferryman, the claim at issue was an indemnification claim, not apportionment. SeeFerryman v. Groton, supra, 143-145. Because the defendants are not alleging an indemnification claim in the second count of the amended counterclaim, the defendants donor fall within any exception that may be created by footnote 5 in Durniak.
For all of the foregoing reasons, Foodways' motion to strike the second count of the amended counterclaim is granted.
Mary R. Hennessey, Judge