[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Leonard McGahee, instituted this negligence action against the defendant Safeway Moving Systems, Inc. ("Safeway"), and Safeway's employee, Kevin W. May, claiming damages for injuries allegedly sustained when the plaintiff was struck by a trailer truck owned by Safeway and operated by Mr. May in the course of his employment with Safeway. The plaintiff alleges that on December 16, 1992, while he was directing traffic in the course of his employment at the 76 Truck Stop located in Southington, Connecticut, which is owned and operated by the intervening plaintiff American Eagle, Inc., he was struck by the CT Page 11124 tractor trailer truck operated by Mr. May. At the time of the incident, Mr. May was a business invitee on the intervening plaintiff's premises.
On April 12, 1994, American Eagle, Inc. intervened into the plaintiff's action pursuant to General Statutes § 31-293(a) in order to recover workers' compensation benefits paid to the plaintiff. The defendants filed answers and two special defenses to the plaintiff's and the intervening plaintiff's complaints. The defendants' second special defenses to both complaints are identical and the plaintiff's and intervening plaintiff's motions to strike raise the same grounds of legal insufficiency. Accordingly, this memorandum will apply to both motions to strike.
"A motion to strike may be used to challenge the legal sufficiency of a special defense. Practice Book § 152(5);Krasnow v. Christensen, 40 Conn. Sup. 287, 492 A.2d 850 (1985)."Robarge v. Patriot General Insurance Co., 5 Conn. L. Rptr. 323
(December 4, 1991, Walsh, J.).
 "The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.' In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Citations omitted.) Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged. Cavallo v. Derby Savings Bank, 188 Conn. 281, 285, 449 A.2d 986 (1982); Mora v. Aetna Life Casualty Ins. Co., 13 Conn. App. 208, 211, 535 A.2d 390 (1988).
Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,214-15, 618 A.2d 25 (1992).
The defendants' second special defense alleges that the plaintiff's injuries were proximately caused by the negligence and carelessness of the intervening plaintiff, American Eagle, Inc., in failing to provide a reasonably safe working environment for the plaintiff. The plaintiff and intervening plaintiff move CT Page 11125 to strike the respective second special defenses on the ground that an alleged tortfeasor cannot assert contributory negligence against an employer who intervenes pursuant to General Statutes § 31-293(a) in an employee's negligence action.
The defendants' second special defense attempts to assert the employer's negligence as a means to bar or reduce recovery against the defendants. Accordingly, the defendants are asserting comparative negligence pursuant to General Statutes §52-572h. The supreme court has held, however, "[b]ecause an employer's right to obtain reimbursement from a third party tortfeasor is a statutory claim that is derived in its entirety from § 31-293(a) . . . the employer's claim does not fall within the compass of § 52-572h[, which authorizes comparative negligence]. . . . [Therefore, i]t is generally held that the employee cannot be met with a defense that his own employer's negligence contributed to the injury." (Citations omitted; internal quotation marks omitted.) Durniak v. AugustWinter Sons, Inc., 222 Conn. 775, 782, 610 A.2d 1277 (1992).
The supreme court has noted that a special defense against an intervening employer is proper if it "alleged not merely the negligence of the employer but included some other basis for liability such as the existence of an independent relationship between the defendant and the employer. See Ferryman v. Groton,212 Conn. 138, 143-45, 561 A.2d 432 (1989); 2B A. Larson, Workmens' Compensations Law (1989) § 76.00, p. 14-644."Durniak v. August Winter Sons, Inc., supra, 222 Conn. 782 n. 5. The defendants argue in opposition to the motions to strike that their second special defenses allege an independent relationship between the defendants and the intervening plaintiff. Specifically, the defendants argue that their second special defense supports allegations of separate legal relationship based on an owner/operator and business invitee relationship. Accordingly, the defendants argue that their second special defense is proper.
The court in Durniak v. August Winter Sons, Inc., supra,222 Conn. 782 n. 5, quoted above, relied on the holding inFerryman v. Groton, supra, 212 Conn. 143-45. In Ferryman v.Groton, supra, 212 Conn. 143-45, the court held that "`[w]hen the third party, in a suit by the employee, seeks recovery over against a contributorily negligent employer, contribution [or indemnification] is ordinarily denied on the ground that the employer cannot be said to be jointly liable in tort to the CT Page 11126 employee because of the operation of the exclusive-remedy clause. But if the employer can be said to have breached an independent duty toward the third party, or if there is a basis for finding an implied promise of indemnity, recovery in the form of indemnity may be allowed. The right to indemnity is clear when the obligation springs from a separate contractual relation, such as an employer-tenant's express agreement to hold the third-party landlord harmless, or a bailee's obligation to indemnify a bailor, or a contractor's obligations to perform his work with due care; but when the indemnity claim rests upon the theory that a `primary' wrongdoer impliedly promises to indemnify a `secondary' wrongdoer, the great majority of jurisdictions disallow this claim.'" (Emphasis added.) Id., quoting 2A A. Larson, supra, § 76.
In the present case, the defendants argue that they have alleged an independent owner/business invitee relationship between the defendants and the employer/intervening plaintiff. However, the defendants have not alleged a breach of the duty owed to the third party. i.e. the defendant, arising out of the owner/business invitee relationship, but rather the second special defense alleges a breach of the employer's duty of care owed to the plaintiff employee. As such, the second special defense is insufficient because "the employer cannot be said to be jointly liable in tort to the employee because of the operation of the exclusive-remedy clause." Id. In addition, the second special defense does not allege any basis for indemnification arising from a separate contractual relationship, as required by Ferryman v. Groton, supra, 212 Conn. 143-45. The defendants have failed to offer any authority for a business invitee's right of indemnification against a business owner for the invitee's liability to third parties injured by the invitee's negligence. Therefore, the defendants' second special defense does not fall under rule as stated Ferryman v. Groton, supra,212 Conn. 143-45. Accordingly, the plaintiff's Leonard McGahee's motion to strike the second special defense of each defendant is granted. Likewise, the intervening plaintiff, American Eagle, Inc.'s motion to strike the special defense of each defendant is also granted.
/s/ William J. Sullivan, J. WILLIAM J. SULLIVAN CT Page 11127