VAN HOOK v HARRIS CORPORATION

Docket No. 69978. Submitted November 4, 1983, at Detroit.—Decided July 16, 1984. Leave to appeal applied for.

Richard Van Hook was injured in an industrial accident involving a Sheridan press. He brought suit against Harris Corporation, successor to the press manufacturer, and others in Macomb Circuit Court. Harris filed a third-party complaint against Mark VIII Industries, Inc., Van Hook's employer, claiming that, to the extent Mark VIII's negligence contributed to the accident, Mark VIII should not be allowed reimbursement for workers' compensation benefits Mark VIII paid Van Hook out of Van Hook's potential recovery from Harris. Harris proposed that any statutory lien against recovery granted to Mark VIII be reduced by an amount corresponding to the degree of negligence attributable to Mark VIII and that Van Hook's recovery against Harris be reduced by that amount in order to avoid double recovery. The court, Robert J. Chrzanowski, J., granted summary judgment in favor of Mark VIII on the ground that Harris had failed to state a claim upon which relief could be granted. Harris appeals. *Held:*

The relevant statute provides that any recovery shall first reimburse the employer or carrier for any amounts paid or payable under the Worker's Disability Compensation Act. Harris can not obtain restitution based on a claim of unjust enrichment where the benefits conferred result from a valid judgment obtained pursuant to and in conformity with clear statutory language.

Affirmed.

WORKERS' COMPENSATION — THIRD-PARTY TORTFEASORS — REIMBURSEMENT FOR DISABILITY BENEFITS.

Employers have a statutory right to seek full reimbursement for workers' compensation benefits which have been paid or are payable to an injured employee out of a recovery by that employee in an action against a third-party tortfeasor; it is

REFERENCES FOR POINTS IN HEADNOTE
81 Am Jur 2d, Workmen's Compensation § 77.
82 Am Jur 2d, Workmen's Compensation § 437.

error to reduce such reimbursement by an amount equivalent to the employer's degree of negligence (MCL 417.827[5]; MSA 17.237[827][5]).

*Butzel, Long, Gust, Klein & Van Zile* (by *X. Orhan* and *Keefe A. Brooks*), for Harris Corporation.

*Seavitt, Westcott & Stowe* (by *Thomas W. Emery*), for Mark VIII Industries, Inc.

Before: BRONSON, P.J., and SHEPHERD and J. P. SWALLOW,* JJ.

SHEPHERD, J. Plaintiff was injured in an industrial accident involving a Sheridan press and sued, among others, defendant Harris Corporation (defendant), successor to the press manufacturer. Defendant brought in as third-party defendant plaintiff's employer claiming that, to the extent the employer's negligence contributed to the accident, it should not be allowed reimbursement out of plaintiff's potential recovery from defendant for workers' compensation benefits it had paid to plaintiff. Defendant proposed that any statutory lien against recovery granted the employer be reduced by an amount corresponding to the degree of negligence attributable to the employer. Defendant also proposed that plaintiff's recovery against defendant be reduced by that amount in order to avoid double recovery, *i.e.,* the total amount plaintiff could actually receive from defendant after satisfying any remaining lien held by his employer would be limited to his damages less workers' compensation benefits received.

The circuit court agreed with plaintiff's employer that defendant had failed to state a claim

---

* Circuit judge, sitting on the Court of Appeals by assignment.

upon which relief could be granted and entered summary judgment in favor of the employer.

The employer, Mark VIII Industries, Incorporated, argues that MCL 418.827(5); MSA 17.237(827)(5) allows an employer to recover the entire amount paid by it in workers' compensation benefits with no set-off for its own negligence. Federal cases construing Michigan law have denied to a third-party tortfeasor an action against the injured party's employer for contribution. *Douglas v Robbins & Myers, Inc,* 505 F Supp 765 (WD Mich, 1980); *McPike v Die Casters Equipment Corp,* 504 F Supp 1056 (WD Mich, 1980). An identical result was reached by this Court in *Downie v Kent Products,* 122 Mich App 722; 333 NW2d 528 (1983), *lv gtd* 418 Mich 948 (1984).

Defendant argues that such a claim has been allowed in other jurisdictions, *e.g., Witt v Jackson,* 57 Cal 2d 57; 366 P2d 641; 17 Cal Rptr 369 (1961); *Lovette v Lloyd,* 236 NC 663; 73 SE2d 886 (1953). We note that the states following such a rule are clearly in the minority. Furthermore, several, although not all, of those states have statutory schemes or language different from that adopted in Michigan. The Michigan statute, MCL 418.827(5); MSA 17.237(827)(5), provides that "[a]ny recovery * * * shall first reimburse the employer or carrier for any amounts paid or payable under this act". This subsection, on its face, applies regardless of the concurring negligence of the employer. As the trial court concluded, "The Legislature no doubt knew that employers are sometimes concurrently negligent. The failure to provide a statutory reduction in such circumstances evinces an intent not to do so."

In affirming the lower court's ruling, we do not hold that the result reached is necessarily the

most equitable but rather we hold that the result is mandated by present statutory law. We simply hold that Harris may not obtain restitution based on a claim of unjust enrichment where the benefits conferred result from a valid judgment obtained pursuant to and in conformity with clear statutory language; language which purports to grant full recovery of compensation paid or payable to the employer.

In terms of fairness, of course, a problem clearly exists in those cases where a third party must bear the entire burden of the plaintiff's recovery despite an employer's negligence. This issue was summed up admirably in Larson, *Workmen's Compensation: Third Party's Action Over Against Employer,* 65 Nw U L Rev 351, 419-420 (1970).

"The phrase most frequently heard in arguments against recovery over by the third party against the employer is this: the allowance of such recovery over accomplishes indirectly what cannot be done directly and, therefore, evades the spirit of the legislation. This is not entirely accurate, for it does not tell the whole story. True, the end result is that a common-law size recovery proceeds from the employer to the employee. In the process, however, two things are accomplished, one of which is relevant to the purposes of the compensation provision and the other of which is independent of it. The relevant accomplishment is that of preserving the employee's common-law rights against negligent outsiders. This having been done, there still remains the job of adjusting rights fairly between the outsider and the negligent employer. The question here becomes very precise: did the compensation acts, in conferring immunity on the employer from common-law suits, mean to do so only at the expense of the injured employee, or also at the expense of outsiders? One question is that whereas the injured employee got *quid pro quo* in receiving assured compensation payments as a substitute for tort recoveries, the third party has

received absolutely nothing and, hence, should not be impliedly held to have given up rights which he had before. It is unfair, so the argument runs, to pull the third party within the principle of mutual sacrifice when his part is to be all sacrifice and no corresponding gain.

"A situation like this ought to be dealt with legislatively. It is rather inconsiderate to force courts to speculate about legislative intention on the strength of statutory language, in the framing of which the draftsmen had not the remotest trace of the present question in their minds. The legislature should face squarely the question whether the third party who happens to be so unfortunate as to get tangled up with a compensable injury should, so to speak, individually subsidize the compensation system by bearing alone a burden which normally he could shift to the employer."

The judgment of the trial court is affirmed.
Costs to appellee.