BARBARA DURNIAK, ADMINISTRATRIX (ESTATE OF MICHAEL DURNIAK), ET AL. *v.* AUGUST WINTER AND SONS, INC.
(14526)

PETERS, C. J., CALLAHAN, GLASS, COVELLO and BORDEN, Js.

Argued June 3—decision released July 14, 1992

*April Haskell,* with whom was *Joanne T. Belisle,* for the appellant (intervening plaintiff).

*Michael A. Fitzhugh,* with whom were *Lori Watson* and, on the brief, *R. Paul Roecker,* for the appellee (defendant).

PETERS, C. J. Our statutes permit an injured employee to pursue a personal injury action against a third party tortfeasor, even though the employee's exclusive remedy against his employer is the recovery of workers' compensation benefits. General Statutes §§ 31-284 (a)[1]

---

[1] General Statutes § 31-284 provides in relevant part: "(a) An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained, but an employer shall secure compensation for his employees as follows, except that compensation shall not be paid when the personal injury has been caused by the wilful and serious misconduct of the injured employee or by his intoxication. All rights and claims between employer and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment as aforesaid are abolished other than rights and claims given by this chapter, provided nothing herein shall prohibit any employee from securing, by agreement with his employer, additional benefits from his employer for such injury or from enforcing such agreement for additional benefits."

and 31-293 (a).[2] The issue in this case is whether the third party tortfeasor may raise the negligence of the employer as a special defense when the employer has intervened in the personal injury action as party plaintiff in order to secure the employer's statutory right to reimbursement of workers' compensation benefits.

[2] General Statutes § 31-293 provides in relevant part: "LIABILITY OF THIRD PERSONS TO EMPLOYER AND EMPLOYEE. . . . (a) When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of such injured employee against such other person, but such injured employee may proceed at law against such person to recover damages for such injury; and any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against such other person to recover any amount that he has paid or has become obligated to pay as compensation to such injured employee . . . . If such employer and employee join as parties plaintiff in such action and any damages are recovered, such damages shall be so apportioned that the claim of the employer, as defined in this section, shall take precedence over that of the injured employee in the proceeds of such recovery, after the deduction of reasonable and necessary expenditures, including attorneys' fees, incurred by the employee in effecting such recovery. The rendition of a judgment in favor of the employee or the employer against such party shall not terminate the employer's obligation to make further compensation, including medical expenses, which the compensation commissioner thereafter deems payable to such injured employee. If the damages, after deducting the employee's expenses as provided above, are more than sufficient to reimburse the employer, damages shall be assessed in his favor in a sum sufficient to reimburse him for his claim, and the excess shall be assessed in favor of the injured employee. No compromise with such third person by either employer or employee shall be binding upon or affect the rights of the other, unless assented to by him. For the purposes of this section the employer's claim shall consist of (1) the amount of any compensation which he has paid on account of the injury which is the subject of the suit and (2) an amount equal to the present worth of any probable future payments which he has by award become obligated to pay on account of such injury. The word 'compensation', as used in this section, shall be construed to include not only incapacity payments to an injured employee and payments to the dependents of a deceased employee, but also sums paid out for surgical, medical and hospital services to an injured employee, the one-thousand-dollar burial fee provided by law and payments made under the provisions of sections 31-312 and 31-313."

The plaintiff, Barbara Durniak, individually and as administratrix of the estate of Michael Durniak, brought this action in the United States District Court to recover for negligence and for breach of contract because of fatal injuries suffered by her decedent on a construction site allegedly under the control of the defendant, August Winter and Sons, Inc. The decedent's employer, C.R. Meyer and Sons Company (employer), then filed a complaint, as intervening plaintiff, for reimbursement of workers' compensation benefits in accordance with § 31-293 (a). Thereafter, the defendant amended its answer to add a third special defense alleging that the decedent's injuries had resulted from the negligence of the intervening plaintiff. The District Court referred to the magistrate a motion by the intervening plaintiff to strike the third special defense. The magistrate recommended that the motion be granted but suggested that the District Court consider requesting certification of the interpretation of § 31-293 (a) to this court pursuant to General Statutes § 51-199a and Practice Book § 4168. We granted the District Court's request for certification, and we answer the certified question,[3] "No."

The record certified by the District Court provides the following factual information. The plaintiff's decedent, a carpenter employed by the intervening plaintiff, suffered fatal injuries when he fell through a hole in the floor of a construction site. The plaintiff's complaint alleges that the decedent's injury and death were attributable to the negligence of the defendant in its conduct at the construction site and to the defendant's failure to maintain proper barricades or guardrails in

---

[3] The certified question is: "Is it proper for a defendant to raise the negligence of the plaintiff's employer as a special defense in answer to the intervening complaint of the plaintiff's employer in a case where the intervening complaint is based solely upon the statutory rights accorded the plaintiff's employer under Connecticut General Statute[s] § 31-293?"

accordance with contract specifications. The defendant's third special defense alleges that whatever injuries the plaintiff's decedent might have suffered resulted from the negligence of the employer.

In his ruling on the employer's motion to strike, the magistrate noted that the text of § 31-293 neither precludes nor authorizes the special defense raised by the defendant. He concluded, however, that particular weight should be given to the absence of statutory authorization for the defense. Because workers' compensation is governed by an "explicit legislative scheme," he held that one would reasonably expect to find some express evidence of legislative intent if the statutory claim for reimbursement provided in § 31-293 (a) were to be open to the "fault-based contest" proposed by the defendant. He therefore ruled that, absent a certification of the question to this court, the motion to strike should be granted. The District Court then initiated the certification process that led to the present proceedings.

Our analysis of the competing rights of a defendant and an intervening employer is guided by four overlapping principles that inform the rights established by § 31-293 (a). First, the statute protects an injured employee by allowing the employee to sue a third party tortfeasor in a private cause of action for damages, such as pain and suffering, that are uncompensated by a workers' compensation award. *Skitromo* v. *Meriden Yellow Cab Co.*, 204 Conn. 485, 488, 528 A.2d 826 (1987). Second, the statute protects an employer by allowing the employer to obtain reimbursement for workers' compensation benefits from a third party tortfeasor, either by becoming an intervening plaintiff in the employee's cause of action or by bringing a separate action derivative of the employee's cause of action. Id. Third, the employer's statutory right to subrogation of the proceeds of the employee's claim against the tortfeasor implements the public policy of prevent-

ing double recovery by an injured employee. *Enquist* v. *General Datacom,* 218 Conn. 19, 26, 587 A.2d 1029 (1991). Fourth, the employer's statutory right to reimbursement reenforces the public policy that, between the employer and the employee, workers' compensation provides the exclusive remedy for personal injury to the employee. *Bouley* v. *Norwich,* 222 Conn. 744, 755–56, 610 A.2d 1245 (1992); *Sgueglia* v. *Milne Construction Co.,* 212 Conn. 427, 433, 562 A.2d 505 (1989).

Bearing these principles in mind, we turn to the language of § 31-293 (a) to see whether it authorizes the special defense against the employer that the defendant seeks to assert in this case. The language is illuminating both for what it says and for what it does not say. The statute unconditionally authorizes reimbursement to the employer "[i]f such employer and employee join as parties plaintiff in such action and any damages are recovered." It provides for the apportionment of any damages award so that "the claim of the employer, as defined in this section, shall take precedence over that of the injured employee in the proceeds of such recovery, after the deduction of reasonable and necessary expenditures, including attorneys' fees, incurred by the employee in effecting such recovery." Although the statute thus recognizes the propriety of some deductions as offsets to the employer's statutory subrogation claim, the statute does not make the employer's negligence a ground for limiting the employer's recovery.

The defendant maintains, however, that we should attach significance to the absence of language in § 31-293 (a) abolishing the common law rights of third party tortfeasors. He asks us to infer, from this absence, a legislative intent to treat the relationship between the tortfeasor and the employer as incorporating common law precepts of contributory or comparative negligence. Such an inference is unwarranted.

We have repeatedly observed that our act represents a complex and comprehensive statutory scheme balancing the rights and claims of the employer and the employee arising out of work-related personal injuries. Because of the comprehensive nature of the act, the responsibility for carving out exceptions from any one of its provisions belongs to the legislature and not to the courts. *Bouley* v. *Norwich,* supra, 760–61; *Panaro* v. *Electrolux Corporation,* 208 Conn. 589, 605, 545 A.2d 1086 (1988); *Mingachos* v. *CBS, Inc.,* 196 Conn. 91, 106, 491 A.2d 368 (1985). The legislature manifestly has the competence to enact statutes relating workers' compensation to tort reform. See, e.g., General Statutes § 52-572r (c). Absent such express legislative intervention, we have held that we should not assume that the legislature intended to create an exception for aggravated torts; *Mingachos* v. *CBS, Inc.,* supra; or for uninsured motorist benefits. *Bouley* v. *Norwich,* supra, 761. It is similarly inappropriate, in this case, for us to undermine the tradeoffs that underlie workers' compensation by importing contributory or comparative negligence into the no-fault workers' compensation reimbursement program. See J. King, "The Exclusiveness of an Employee's Workers' Compensation Remedy Against His Employer," 55 Tenn. L. Rev. 405, 411 (1988).

This conclusion does not create an irreconcilable conflict between the workers' compensation statute and General Statutes § 52-572h,[4] the comparative negli-

---

[4] General Statutes § 52-572h provides in relevant part: "(b) In causes of action based on negligence, contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages resulting from personal injury, wrongful death or damage to property if the negligence was not greater than the combined negligence of the person or persons against whom recovery is sought including settled or released persons under subsection (n) of this section. The economic or noneconomic damages allowed shall be diminished in the proportion of the percentage of negligence attributable to the person recovering which percentage shall be determined pursuant to subsection (f) of this section.

gence statute. By its own terms, the comparative negligence statute applies only to "causes of action based on negligence." General Statutes § 52-572h (b). Accordingly, its terms do not govern statutory causes of action that have no common law counterpart. *Lukas* v. *New Haven,* 184 Conn. 205, 212, 439 A.2d 949 (1981); *Belanger* v. *Village Pub I, Inc.,* 26 Conn. App. 509, 512–14, 603 A.2d 1173 (1992). Because an employer's right to obtain reimbursement from a third party tortfeasor is a statutory claim that is derived in its entirety from § 31-293 (a); *Skitromo* v. *Meriden Yellow Cab Co.,* supra, 489; *Robinson* v. *Faulkner,* 163 Conn. 365, 377–78, 306 A.2d 857 (1972); the employer's claim does not fall within the compass of § 52-572h.

Our conclusion comports with the result reached in a number of Superior Court decisions in this state and in the majority of cases decided in other jurisdictions. "[I]t is generally held that the employee cannot be met with a defense that his own employer's negligence contributed to the injury." 2B A. Larson, Workmen's Compensation Law (1989) § 75.22, p. 14-578[5]; *Stroud* v. *Dorr-Oliver, Inc.* 112 Ariz. 403, 409, 542 P.2d 1102

---

"(c) In a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages except as provided in subsection (g) of this section."

[5] A different result might follow if the special defense alleged not merely the negligence of the employer but included some other basis for liability such as the existence of an independent relationship between the defendant and the employer. See *Ferryman* v. *Groton,* 212 Conn. 138, 143–45, 561 A.2d 432 (1989); 2B A. Larson, Workmen's Compensation Law (1989) § 76.00, p. 14-644.

A different result might also follow if, instead of relying on a special defense alleging the intervening employer's negligence, the defendant, having filed a general denial, sought to make an evidentiary showing that it was the employer's conduct rather than the defendant's conduct that had proximately caused the employee's injuries. See *Williams* v. *Union Carbide Corporation,* 734 S.W.2d 699, 703 (Tex. Ct. App. 1987).

(1975); *Pyles* v. *Bridges*, 283 So. 2d 394, 396 (Fla. App. 1973); *American Ins. Co.* v. *Duo Fast Dixie, Inc.*, 367 So. 2d 415, 416–17 (La. App. 1979); *C & K Lord, Inc.* v. *Carter*, 74 Md. App. 68, 75, 536 A.2d 699 (1988); *Van Hook* v. *Harris Corporation*, 136 Mich. App. 310, 312–13, 356 N.W.2d 18 (1984); *Nyquist* v. *Batcher*, 235 Minn. 491, 498, 51 N.W.2d 566 (1952); *Bilodeau* v. *Oliver Stores, Inc.*, 116 N.H. 83, 88, 352 A.2d 741 (1976); *Taylor* v. *Delgarno Transportation, Inc.*, 100 N.M. 138, 141, 667 P.2d 445 (1983); *Pellone* v. *Stratford Tower, Inc.*, 56 App. Div. 2d 647, 648, 391 N.Y.S.2d 896 (1977); *Layman* v. *Braunschweigische Maschinenbauanstalt, Inc.*, 343 N.W.2d 334, 350 (N.D. 1983); *Boldman* v. *Mt. Hood Chemical Corporation*, 288 Or. 121, 139, 602 P.2d 1072 (1979); *Bristol Telephone Co.* v. *Weaver*, 146 Tenn. 511, 522, 243 S.W. 299 (1921); *Varela* v. *American Petrofina Co.*, 658 S.W.2d 561, 562 (Tex. 1983); *Clark* v. *Chicago, M., St. P. & P. R. Co.*, 214 Wis. 295, 304–305, 252 N.W. 685 (1934). Although we recognize that some state courts have reached a different result, some of these cases turn, at least in part, on statutory configurations that differ from those that prevail in this state. See, e.g., *Witt* v. *Jackson*, 57 Cal. 2d 57, 72, 366 P.2d 641, 17 Cal. Rptr. 369 (1961); *Runcorn* v. *Shearer Lumber Products, Inc.*, 107 Idaho 389, 395–96, 690 P.2d 324 (1984); *Brown* v. *Keill*, 224 Kan. 195, 206, 580 P.2d 867 (1978); *Leonard* v. *Johns-Manville Sales Corporation*, 309 N.C. 91, 97, 305 S.E.2d 528 (1983). We therefore agree with the interpretation of Connecticut law reflected in *Cyr* v. *F. S. Payne Co.*, 112 F. Sup. 526 (D. Conn.), aff'd, 208 F.2d 356 (2d Cir. 1953), and disagree with *Cirrito* v. *Continental Can Co.*, 519 F. Sup. 638 (D. Conn. 1981).

The certified question is answered: "No."

No costs shall be taxed to either party.

In this opinion the other justices concurred.