[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The intervening plaintiff-employer Norwalk Currie Tire Company, Inc., moves to strike the special defense of the defendant Perkin Elmer Corporation which alleges that the intervening plaintiff's contributory negligence caused the plaintiff's injuries. The plaintiff relies entirely on our Supreme Court's decision in Durniak v. August Winters and Sons,Inc., 222 Conn. 775 (1992). In that case, the court held that it is not proper for a defendant to raise the negligence of the plaintiff's employer as a special defense in answer to the intervening complaint of the plaintiff's employer in a case where the intervening complaint is based solely upon the statutory rights awarded to the plaintiff's employer under C.G.S. § 31-293.
The defendant Perkin Elmer quite correctly points to a recognized exception to the Durniak rule which the court itself recognized in footnote 5 at page 782 of its opinion. Here, the court cautioned that "a different result might follow if a special defense alleged not merely the negligence of the employer but included some other basis for liability such as the existence of an independent relationship between the defendant and the employer. See, Ferryman v. Groton, 212 Conn. 138, 143-145 (1989); 2 B.A. Larson Workman's Compensation Law (1989) § 76.00, p. 14-644".
The special defense in question recites the following that is pertinent to this decision:
"At the time of the subject incident, the plaintiff was on the subject premises because of a telephone request by the named-defendant that the plaintiff change a tire, which telephone request resulted in the creation of an invoice by the intervening plaintiff and there was therefore an initial oral contract for services between the plaintiff-intervenor and the undersigned defendant, which oral contract was memorialized by a written invoice".
Perkin Elmer argues that this proposition alleges an independent CT Page 8867 relationship between it and the employer. While the relationship may have been contractual or quasi-contractual, what is missing in this allegation is the assertion that the oral contract created a duty of care running from the employer to Perkin Elmer which was tortiously breached by the employer. It is not enough that the special defense allege the existence of a contract between the parties. That contract must have expressly or impliedly created this duty. No such inference can fairly be drawn from these allegations. Moreover, none of the trial court decisions cited by the defendant support its position; on the contrary, they ineluctably lead to the result reached by this court. The motion to strike is granted.
MOTTOLESE, J.