[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
On October 28, 1993, the plaintiff, Amy Kelly Odell, in her capacity as Administratrix of the Estate of James Henry Allen, Jr., filed a four count complaint seeking damages arising out of the death of the decedent when the decedent fell from a scaffolding system. The plaintiff alleges, inter alia, negligence against various defendants including Boehringer Ingelheim Pharmaceuticals, Inc. ("defendant").
On April 15, 1994, the defendant filed an answer with revised special defenses. The third and fifth special defenses are the defenses at issue and they allege apportionment attributable to the intervening plaintiff, Lejo Construction Co., the decedent's employer, pursuant to General Statutes, Secs. 52-572h(f) and 52-572h(c),(d), and (f), respectively.
Thereafter, the plaintiff filed a motion to strike the defendant's third and fifth special defenses on the grounds that: (1) those defenses do not comport with Practice Book, Sec. 164, and (2) Sec. 52-572h(c) does not authorize apportionment of negligence and damages where the party sought to be charged with negligence is immune from suit. The plaintiff has filed a memorandum of law in support of her motion to strike. The defendant has filed a memorandum in opposition.
The purpose of the motion to strike is to challenge the legal sufficiency of the allegations of any complaint. Gordon v. BridgeportCT Page 12895Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). In judging the motion, it does not matter whether the party can prove the allegations at trial. Levine v. Bess and Paul Sigel Hebrew Academy of Greater HartfordInc., 39 Conn. Sup. 129, 132, 471 A.2d 679 (Super.Ct. 1983). The motion admits all facts well pleaded, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBSInc., 196 Conn. 91, 108, 491 A.2d 368 (1985). The sole inquiry is whether the plaintiff's allegations, if proved, state a cause of action. Id.
Practice Book, Sec. 164 provides, in part, that:
 No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged.
The plaintiff first argues in her supporting memorandum that the third and fifth special defenses fail to challenge the propriety or sufficiency of her cause of action, but merely requests an allocation of negligence ce and damages pursuant to section 52-572h of the General Statutes. Therefore, the plaintiff postulates that those defenses should be stricken in their entirety.
The defendant counters in its opposition memorandum that the third and fifth special defenses are legitimate special defenses that properly raise the issue of apportionment pursuant to General Statutes, Sec. 52-572.[1]
In the present action, the defendant's third and fifth special defenses simply do not indicate that the plaintiff has no cause of action so as to comport with section 164 of the Practice Book. Therefore, those defenses are legally insufficient and are, accordingly, stricken. Additionally, General Statutes, Sec. 52-572h(e) already mandates that jury instructions shall include an explanation concerning "the effect on awards and liabilities of the percentage of negligence found by the jury to be attributable to each party." See, e.g., Black v. China Inn. Inc., Superior Court, Judicial District of New Haven, No. 300292 (April 26, 1994, Gray, J.). Therefore, the defendant would not be foreclosed from making an evidentiary showing that it was the intervening plaintiff's negligence rather than the defendant's conduct that had proximately caused the injuries complained of. See Durniak v. August Winter Sons, Inc., 222 Conn. 775, 782 n. 5,610 A.2d 1277 (1992).
Based on the foregoing, there is no need for the court to address the remaining ground set forth in the plaintiff's motion. CT Page 12896