[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
INTERVENING PLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSE
CT Page 4827
The plaintiff, Richard Boland, an employee of the Town of Trumbull (Town), alleges that he was injured during the course of his employment while on the premises controlled by the defendant, Connecticut Resources Recovery Authority (CRRA), when he received an electric shock while using a pay phone installed by the defendant, Southern New England Telephone (SNET). The plaintiff further alleges that the defendant, Enviro Express, Inc., had a duty to maintain the premises. On July 31, 1992, the Town intervened pursuant to General Statutes § 31-293 to recover the payments it made to the plaintiff pursuant to the Workers' Compensation Act.
On April 6, 1994, SNET filed its revised answer, special defenses and counterclaim to the Town's intervening complaint. On July 25, 1994, the Town filed a motion to strike SNET's second special defense on the ground that this special defense, in which SNET alleges that the Town was contributorily negligent, is legally insufficient. On October 3, 1994, SNET filed a memorandum in opposition.
A motion to strike may be used to test the legal sufficiency of a special defense. Practice Book § 152(5); Nowak v. Nowak, 175 Conn. 112,116, 394 A.2d 716 (1978). In ruling on a motion to strike, the court is limited to the facts alleged in the challenged pleading; Rowe v. Godou,209 Conn. 273, 278, 550 A.2d 1073 (1988); which must be construed in the light most favorable to the pleader. Gordon v. Bridgeport Hospital,208 Conn. 161, 171, 540 A.2d 1185 (1988).
In support of its motion to strike the second special defense, the Town argues that SNET's installation of a pay phone on the premises upon which the plaintiff was allegedly injured (a premises which CRRA leased from the Town), does not create an independent legal relationship between the Town and SNET, and does not create an independent legal duty owed by the Town to SNET upon which SNET could base a special defense. In Durniak v. August Winter Sons, Inc., 222 Conn. 775, 610 A.2d 1277
(1992), the court was presented with the certified question of "whether the third party tortfeasor may raise the negligence of the employer as a special defense when the employer has intervened in the personal injury action as party plaintiff in order to secure the employer's statutory right to reimbursement of workers' compensation benefits." Id., 777. The court answered the question in the negative, holding that the third party tortfeasor ordinarily may not assert such a special defense. Id., 778. Nevertheless, the court noted that "[a] different result might follow if the special defense alleged not merely the negligence of the employer but included some other basis for liability CT Page 4828 such as the existence of an independent relationship between the defendant and the employer." Id., 782 n. 5., citing Ferryman v. Groton,212 Conn. 138, 143-45, 561 A.2d 432 (1989).
In support of its second special defense, SNET alleges that the Town had a separate independent legal relationship with SNET which arose from SNET'S installation of a pay phone "at the request and/or under the direction of the town's "tenants, subcontractors, agents, representatives and/or employees for the use and benefit of said individuals." SNET further alleges that this relationship creates a duty on the part of the Town to inspect, maintain and repair the premises in question as well as adequately warn of a dangerous condition. In reading the pleading in the light most favorable to the pleader, SNET has alleged enough facts to claim that an independent legal relationship exists between itself and the Town. The exact nature of that legal relationship, if indeed it does exist, and whether there has been the breach of any duty owed by the Town to SNET because of that relationship cannot be resolved on a motion to strike, as resolution of these issues depends on evidence outside of the pleadings. Accordingly, the court denies the Town's motion to strike SNET'S second special defense.
LAWRENCE L. HAUSER, JUDGE