[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON INTERVENING PLAINTIFF'SMOTION TO STRIKE
This action arises out of injuries allegedly sustained in a fall by the plaintiff, an employee of the Town of North Haven, while working. He has brought suit against several defendants, including the defendant Metcalf Eddy (Metcalf), alleging that the defendants were responsible for the defective condition which caused his fall and resulting injuries. His employer, the Town of North Haven, has paid benefits pursuant to the Worker's Compensation Act, and has filed an intervening complaint seeking recovery of what it has paid to the plaintiff.
Metcalf has filed an answer and several special defenses to the intervening complaint. The third and fourth special defenses allege that the intervening plaintiff violated the federal and state OSHA statutes.
Before the court at this time is the intervening plaintiff's motion to strike the third and fourth special defenses on the grounds that those defenses are legally insufficient with respect to an intervening plaintiff's claim seeking reimbursement of worker's compensation benefits which have been paid to an injured employee.
A motion to strike challenges the legal sufficiency of a CT Page 6316 pleading; Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985); or any count thereof. Practice Book § 152. When ruling on the defendant's motion to strike the court must construe the facts in the complaint most favorable to the plaintiff; NovametrixMedical Systems v. BOC Group, Inc., 224 Conn. 210, 216 618 A.2d 25
(1992); and view them in the light most favorable to sustaining the sufficiency of the pleading. Michaud v. Wawruck, 209 Conn. 407,408 551 A.2d 738 (1988). A motion to strike should be granted where a "pleading . . . on its face is legally insufficient, although facts may indeed exist which, if properly pleaded, would establish a cause of action upon which relief could be granted." (Internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991).
According to Metcalf's memorandum of law, the purpose of the third and fourth special defenses is to "preclude the intervening plaintiff from seeking reimbursement from the defendant if the defendant proves at trial that it was in violation of the state and federal OSHA regulations." Therefore, despite claims to the contrary elsewhere in Metcalf's memorandum, it is clear that the two special defenses are alleging negligence on the part of the intervening plaintiff, which is the employer of the plaintiff, in an effort to limit the employer's recovery.
The issue raised by the motion to strike has been considered and determined by our Supreme Court, adversely to the claim of the defendant, as follows:
 Bearing these principles in mind, we turn to the language of § 31-293 (a) to see whether it authorizes the special defense against the employer that the defendant seeks to assert in this case. The language is illuminating both for what it says and for what it does not say. The statute unconditionally authorizes reimbursement to the employer "[i]f such employer and employee join as parties plaintiff in such action and any damages are recovered." It provides for the apportionment of any damages award so that "the claim of the employer, as defined in this section, shall take precedence over that of the injured employee in the proceeds of such recover, after the deduction of reasonable and necessary expenditures, including attorneys' CT Page 6317 fees, incurred by the employee in effecting such recovery." Although the statute thus recognizes the propriety of some deductions as offsets to the employer's statutory subrogation claim, the statute does not make the employer's negligence a ground for limiting the employer's recovery. Durniak v. August Winter Sons, Inc., 222 Conn. 775, 780
(1992).
Metcalf also claims that the alleged violations of the state and federal OSHA regulations are admissible in the trial of the case. Whether that is so can be ruled upon by the trial judge at the appropriate time. Whether that evidence is admissible at trial has no relevance with respect to the subject motion to strike.
Accordingly, for the reasons set forth in Durniak, supra, the motion to strike the third and fourth special defenses is granted.
William L. Hadden, Jr., Judge