[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #182
The plaintiff, Mario Pac, commenced this action against the defendants, Town of Southington (Southington), Water Works Department (Water Works), Anthony Tranquillo (Tranquillo), and A-N Consulting Engineers, Inc. (A-N), to recover damages for personal injuries allegedly sustained when a trench in which the plaintiff was working collapsed. The plaintiffs filed an eight count amended complaint against the defendants alleging negligence, recklessness and loss of consortium. The plaintiff's employer, Mastrobattisto, Inc., filed an intervening complaint.
The defendants, Southington and Tranquillo, filed an answer dated October 12, 1995 which also sets forth four special defenses. The defendant, Water Works, filed an answer dated October 12, 1995 which also sets forth two special defenses. The defendant, A-N, filed an answer to the intervening complaint dated May 2, 1995. Additionally, the defendant, A-N, filed a motion to implead the plaintiff's employer, Mastrobattisto, Inc. The motion to implead was granted on July 22, 1996, Pickett, J..
The plaintiffs move for summary judgment on, inter alia, the motion to implead. The court recognizes that the plaintiffs are seeking summary judgment on counts of the complaint appended to the motion implead. The court, however, can not with any degree of certainty determine which counts of the complaint are the subject of the motion for summary judgment presently before it. For this reason, summary judgment as to the "motion to implead for apportionment/indemnification" is denied without prejudice.
Although the court recognizes that a party "may properly move for summary judgment as to the complaint, based upon the allegations of a special defense"; Aetna Life Casualty v.Mark, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 702459 (July 21, 1993, Hennessey, J.,9 Conn. L. Rptr. 402, 403) "[t]he superior courts are almost in unanimous agreement that a motion for summary judgment as to a special defense is improper since Practice Book Section 379 makes no provision for it. See Rogers v. Daley Development Co.,3 Conn. L. Rptr. 76
(December 19, 1990, Pickett, J.); Hillery Co. v. CrystallMall Associates, 2 CSCR 324 (February 11, 1987, Koletsky, J.);Crothers v. Cappoziello, 3 Conn. L. Rptr. 341 (March 14, 1991, Hennessey, J.); Espowood v. Springfield Terminal Railway Company,
CT Page 5495-T7 Conn. L. Rptr. 147 (Maiocco, J.); Distefano v. Aetna Life Casualty, No. 103276 (January 12, 1993, Sullivan, William, J.);Silvermine Land Investment Corporation, 8 Conn. L. Rptr. 61. But see People's Bank v. BMI Industries, 3 CSCR 450 (April 26, 1988, Hennessey, J.) (motion for summary judgment as to special defense allowed, when pleadings were closed, to challenge legal insufficiency of special defense.)" Benjamin v. Nunes, Superior Court, judicial district of Waterbury, Docket No. 102738 (May 21, 1993, McDonald, J., 9 Conn. L. Rptr. 143.
This court will follow the reasoning of the majority of the superior courts. The plaintiffs' motion for summary judgment as to the Town of Southington and Anthony Tranquillo regarding the fourth special defense must be and, hereby is denied. The plaintiffs' motion for summary judgment as to the Water Works Dept. regarding the fourth[1] special defense must be and, hereby is denied.
The plaintiffs have also moved for summary judgment on the second count of the counterclaim that was part of the answer to the intervening complaint dated May 2, 1995, filed by the defendants Southington and Tranquillo. The motion for summary on the second count of the counterclaim is granted in keeping with the court's, Pickett, J., May 24, 1995 order regarding the plaintiffs motion to strike. In that order the court relied on Derniak v. August Winter Sons, 222 Conn. 775, 610 A.2d 1277 (1992) and Leonidas v. Greco,
Superior Court, judicial district of Hartford, Docket No. 506260 (August 25, 1994, Hennessey, J.), in granting the plaintiffs motion to strike. This court is in agreement. According, the motion for summary judgment as to the counterclaim is granted.
DRANGINIS, J.