[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO DISMISS #115
The plaintiff, Garrick S. Campbell, and the defendants, Jennifer B. Vining and Robert Bristol, were involved in two-automobile accident at the intersection of Park Avenue and North Avenue in Bridgeport. The defendants thereafter filed an apportionment complaint against the commissioner of transportation (commissioner), alleging that the commissioner breached his duty to properly maintain, the highway pursuant to General Statutes § 13a-144. The commissioner has filed a motion to dismiss the apportionment complaint. The matter was heard by the court on May 26, 1998.
At issue here is whether the state may be sued as an CT Page 6904 apportionment defendant. "[T]he doctrine or sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." Federal Deposit Ins. Corp. v.Peabody N.E., Inc., 239 Conn. 93, 99, 680 A.2d 1321 (1996).
"In a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence or more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages except as provided in subsection (g) of this section." General Statutes § 52-572h(c). "By its own terms, the comparative negligence statute applies only to causes of action based on negligence.' General Statutes 52-572h(b)." Durniak v. August Winter Sons,Inc., 222 Conn. 775, 782, 610 A.2d 1277 (1992). "Accordingly, its terms do not govern statutory causes of action that have no common law counterpart." Id.; see also Lukas v. New Haven,184 Conn. 205, 212, 439 A.2d 949 (1981) (the liability of the defendant under § 13a-149 is purely for breach of a statutory duty and does not arise from negligence).[1]
"The circumstance that § 13a-144 incorporates a similar standard to that used in common law negligence does not mean that the cause of action is one in negligence; it is still clearly one for a breach of a statutory duty by the commissioner. Even where liability attaches to the commissioner under § 13a-144, it is not because of any tort committed by him against the plaintiff, but because of his breach of his statutory duty under the statute. The words `neglect' and `default,' as used in the statute, do not alter that consequence . . ." White v. Burns, 213 Conn. 307, 323,567 A.2d 1195 (1990).
Therefore, because the defendants' ground for contending that the state has waived immunity is § 13a-144 and this section is not an appropriate basis for an apportionment complaint, the commissioner's motion to dismiss the apportionment complaint is granted.
DAVID W. SKOLNICK, JUDGE