[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The intervening employer Crestwood Ford seeks to strike the apportionment complaint of the defendant, Albert Sempley.
The plaintiff John Vendetti filed suit against Albert Sempley and Steven Barone for injuries suffered in an automobile accident. Both Vendetti and Barone were employees of Correl Corporation a/k/a Crestwood Ford. Vendetti was eligible for workers compensation benefits. Crestwood Ford filed a complaint as an intervening plaintiff pursuant to Connecticut General Statutes § 31-293. Sempley filed an apportionment complaint against Crestwood Ford. Crestwood Ford moves to strike this complaint, claiming that it is immune from liability in negligence due to the exclusivity of the Workers Compensation Act.
The defendant/apportionment plaintiff Sempley argues that the apportionment complaint should not be stricken because various Superior Court cases support the proposition that a party immune from suit may still be brought into the case for apportionment purposes. This court finds these cases inapposite to the present case because statutory scheme of 31-293 (a) is not implicated in the cases cited.
In Durniak v. August Winter Sons, Inc., 222 Conn. 775,610 A.2d 1277 (1992), the Supreme Court addressed the issue of whether the negligence of the plaintiff's employer could be reached in that the employer's intervening complaint is based solely upon the statutory rights accorded the plaintiff's employer under § 31-293.
In its analysis, the court emphasized that "between the employer and employee, worker's compensation provides the exclusive remedy for personal injury to the employee." Id., quoting Bouley v. Norwich, 222 Conn. 744, 755-56, 610 A.2d 1245
(1992). "Because of the comprehensive nature of the act, the responsibility for carrying out exceptions from any one of its provisions belongs to the legislature and not to the courts."Durniak v. August Winter Sons, Inc., supra, 222 Conn. 780-81. CT Page 5401
The court concludes that:
 "By its own terms, the comparative negligence statute applies only to `causes of action based on negligence'. General Statutes § 51-52h (b). Accordingly, its terms do not govern statutory causes of action that have no common law counterpart . . . Because an employer's right to obtain reimbursement from a third party tortfeasor is a statutory claim that is derived in its entirety from § 31-293 (a), the employer's claim does not fall within the compass of § 51-572h (b)."
Id., 782. (Citations omitted.)
Accordingly, this court finds that Sempley cannot seek apportionment as to the employer, pursuant to § 51-572h. It is inappropriate to impart contributory or comparative negligence into the legislative trade-offs of the statutory scheme of the Workers' Compensation Act. Durniak v. August Winter Sons, Inc.
supra, 222 Conn. 781.
Sandra Vilardi Leheny, J.