[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE, #139 OBJECTION TO MOTION TO STRIKE, #143
Though it is ordinarily improper for a defendant to raise the negligence of the plaintiff's employer as a special defense where the intervening complaint is based solely upon the statutory rights accorded the plaintiff's employer under General Statutes § 31-293, "[a] different result might follow if the special defense alleged not merely the negligence of the employer but included some other basis for liability such as the existence of an independent relationship between the defendant and the employer." Durniak v. August Winter Sons, Inc., 222 Conn. 775,782, n. 5, 610 A.2d 1277 (1992). Here, the defendant alleges in its third and fourth special defenses that it had an independent legal relationship with the intervening plaintiff pursuant to a lease agreement. As such, the motion to strike the third and CT Page 8954 fourth special defenses is denied and the objection thereto is sustained. The defendant did not oppose the motion to strike the second special defense, and as such, the motion to strike the second special defense is granted and the objection thereto is overruled.
KARAZIN, J.