[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE INTERVENING PLAINTIFF'S MOTION TO STRIKE (No. 142)
The motion to strike now before the Court attacks the sufficiency of a special defense to an intervening complaint. For the reasons briefly stated below, the motion must be granted.
This action was commenced in 1998 by the first party plaintiff, Clifford Guerrera, against several defendants, including Tomlinson-Hawley-Patterson, Inc. (Tomlinson) and Leach Building Co. (Leach). Guerrera alleges that in 1996 he was a mason employed by Ultimate Concrete Co. (Ultimate) on a jobsite at the Yale Law School. Leach was the general contractor, and Tomlinson was a subcontractor. Tomlinson made an allegedly defective wooden ladder from which Guerrera fell, resulting in serious injuries. Ultimate filed a timely motion to CT Page 10817 intervene as a co-plaintiff;, alleging that it is obligated to pay certain sums to and on behalf of Guerrera.
On May 15, 2000, Leach filed an amended answer and special defenses to Ultimate's intervening complaint. Leach's second special defense is the pleading at issue here. The crucial portion of the second special defense, for present purposes, is ¶ 3, which alleges that, "The Intervening Plaintiff, Ultimate Concrete Company, was, also, a subcontractor on said project and was a subcontractor of the general contractor or, in the alternative, a subcontractor of Tomlinson. In the latter case this defendant was a third-party beneficiary of the subcontract between the Intervening Plaintiff and Tomlinson." The second-special defense further asserts that Guerrera's injuries were caused by Ultimate's negligence.
On July 11, 2000, Ultimate filed the motion to strike now before the Court. The motion seeks to strike Leach's second special defense in its entirety. The motion was argued on September 5, 2000.
"Because an employer's right to obtain reimbursement from a third party tortfeasor is a statutory claim that is derived in its entirety from [Conn. Gen. Stat.] § 31-293 (a) . . . the employer's claim does not fall within the compass of [Conn. Gen. Stat.] § 52-572h." Durniak v.August Winter Sons, Inc., 222 Conn. 775, 782, 610 A.2d 1277
(1992).Consequently, a third party tortfeasor is ordinarily unable to "raise the negligence of the employer as a special defense when the employer has intervened in the personal injury action as party plaintiff in order to secure the employer's statutory right to reimbursement of workers' compensation benefits." Id. at 777. In an important footnote, however, Durniak states that, "A different result might follow if the special defense alleged not merely the negligence of the employer but included some other basis for liability such as the existence of an independent relationship between the defendant and the employer." Id. at 782 n. 5. This footnote is the brass ring that Leach seeks to grasp here.
If Leach were indeed, as it asserts, a third-party beneficiary of the claimed subcontract between Ultimate and Tomlinson, Durniak's
"independent relationship" exception might require the "different result" referred to in n. 5 of the opinion. It would, however, be imprudent to discuss this possibility here given the state of the pleading now before the Court. The problem is that, under Connecticut law, "a third party seeking to enforce a contract must allege and prove that the contractingparties intended that the promisor should assume a direct obligation to the third party." Grigerik v. Sharpe, 247 Conn. 293, 315, 721 A.2d 526
(1998). (Internal quotation marks and citation omitted; emphasis in the CT Page 10818 original.) The special defense in question fails to allege the requisite intent. Consequently, the pleading is insufficient under our law.
The motion to strike is granted.
Jon C. Blue Judge of the Superior Court