[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS TO STRIKE
The legal actions in this and a companion case arise out of the purchase of a home by the Vaughts from the Peays. The factual basis for the two actions filed is a claim that the house had several defects that were not disclosed to the Vaughts. The original complaint in this action contains six counts, the first four of which are directed against Pequot Properties and Shafner. Pequot was the real estate company that represented the Vaughts in the purchase of the home, Shafner was an agent of Pequot. The first count against these defendants alleges breach of contract as does the third, the second count alleges negligent failure to disclose defects in the house and the fourth count alleges negligent misrepresentation.
In CV00-0554086-S, the Vaughts sued Tiger Group, Inc., a home inspection company, and the Peays, the sellers. The Vaughts claimed breach of contract against the Peays in count three and negligent misrepresentation against them in count four.
In September, 2000, Pequot Properties and Shafner filed a two-count apportionment complaint. The first count is directed against the Peays and the second count against Tiger Group, Inc. The prayer for relief against each of the apportionment defendants seeks apportionment of liability and damages. The Peays and Tiger Group, Inc. have now each filed motions to strike against that portion of the apportionment complaint directed against each one of them and that corresponding portion of the prayer for relief that seeks an apportionment of their liability and damages.
The rules to be applied in deciding a motion to strike are well-known. The court must give to the pleadings under attack that reading which is most favorable, Amodio v. Cunningham, 182 Conn. 80, 82 (1980) and the CT Page 7655 court cannot consider matters not set forth in the pleadings or discernible by fair inference from them in deciding to strike or not strike the pleadings.
The arguments for the motions to strike are quite straight forward. It is argued that apportionment under § 52-572h of the general statutes applies only to negligence claims. Durniak v. August Winter Sons, Inc.,222 Conn. 775, 782 (1992). The first argument appears to be that negligent misrepresentation, the only arguable negligence claim in the original complaint against the apportionment plaintiffs, is not "simple" negligence and thus falls afoul of Durniak and the later amendment to the statute in subsection (o) explicitly emphasizing that the statute applies only to negligence not reckless, intentional or wanton conduct thus overruling Bhunder v. Sun Co., Inc., 246 Conn. 223 (1998). This argument is not convincing as stated since it is not based on any policy position that underlies the statute but is merely linguistic — what is "simple" for example as opposed to complicated" or "involved" etc; after all the misrepresentation count does base itself on an allegation that its origin was based in negligence of one sort or another.
The argument that is perhaps more on point is based on the result reached in the often cited case of Anderson v. Bitondo, 1998 WL 2798100 (Hodgson, J.). In that case, there was a claim based on negligent misrepresentation regarding the adequacy of a septic tank. The court struck the apportionment claim under subsection (c) of § 52-572h. It noted that the statutory subsection applied to negligence actions seeking to recover money damages resulting from personal injury, wrongful death or damage to property. The court did not grant the motion on the basis that negligent misrepresentation is not "simple" negligence as distinguished from other undefined types of negligence which might not be so "simple". Rather the court said: "A claim of negligent misrepresentation that a septic system was adequate does not claim money damages from personal injury, wrongful death or property damages. Misrepresentation cannot be said to cause damage to a person's property; rather, it inflicts economic damages." Therefore, the nature of the damages claimed are not subject to apportionment under the statute.
The law in general, at least for this writer, is confusing on this question. The Uniform Comparative Fault Act was promulgated in 1977 and applied to actions based on "fault". "Fault" was defined as "acts or omissions that are in any measure negligent or reckless." Interestingly, in commenting on Section 1 of that act, it was said that its application was . . . "confined to physical harm to person or property . . . (and such application of comparative fault under the act) does not include matters like economic loss resulting from a tort such as negligent misrepresentation, or interference with contractual relations or harm to CT Page 7656 reputation resulting from defamation." But in an article entitled "Applicability of Comparative Negligence Doctrine to Actions Based on Negligent Misrepresentation," 22 ALR 5th 464, it is noted at page 471 that:
 "The prevailing view is that comparative negligence principles are applicable to negligent misrepresentations . . . The rationale for this view rests on the notion that there is no reason to differentiate negligent misrepresentation from any other forms of negligence and, therefore, the ordinary rules as to comparative or contributory negligence should apply."
See cases gathered in section 3 of article and opposing view set forth by cases gathered in section 4 and especially Rhode Island case of Estateof Braswell v. The People's Credit Union, 602 A.2d 510, 512 (R.I., 1992), also see The Law of Torts, 2d ed, Harper, James, Gray, Vol. 27.6, pp. 414-15 (contributory negligence said to be unanimously recognized as a defense to this tort by cases, commentators and American Law Institute.
Our Supreme Court has not yet addressed the question of whether, for policy reasons, or because of the nature of the tort, certain types of negligence, such as negligent misrepresentation should not be subject to the operation of § 52-572h.
What it did do in Williams Ford, Inc. v. Hartford Courant Co.,232 Conn. 559 (1995) is interpret the contributory negligence portion of the act, subsection (b). That subsection bars recovery in negligence actions in any action "to recover damages resulting from personalinjury, wrongful death or damage to property" where the claimant's negligence is greater than that of the party against whom recovery is sought. The emphasized language is the same as that used in subsection (c) which sets out principles as to comparative negligence. In interpreting this language as used in subsection (b), the court inWilliams Ford reached a result similar to that reflected in the above quote from the commentators to the Uniform Act and said at page 584:
"As a matter of statutory interpretation, therefore, we simply cannot stretch the meaning of damage to property "as used in § 52-572h(b), to include commercial losses unaccompanied by physical damage to or loss of use of tangible property. In light of this legislative language and history, therefore, we conclude that the term damage to property' as used in § "52-572h, does not include purely commercial CT Page 7657 loss."
This court can ascertain no reason why the exact same language in subsection (c) of the act as regards the definition of "damage to property" should be given a different definition from that of the same language as used in subsection (b) whose ambit has been defined by our highest court. The separation of the two concepts of contributory negligence and comparative negligence into two subsections (b) and (c), appears only to have been an editorial device. Several states put the two concepts in only one paragraph. Thus the New Hampshire statute, § 507:7-a reads as follows:
 "Comparative Negligence. Contributory negligence shall not bar recovery in an action by any plaintiff or his (sic) legal representative, to recover damages for negligence resulting in death, personal injury, or property damage, if such negligence was not greater than the causal negligence of the defendant but the damages awarded shall be diminished by general verdict, in proportion to the amount of negligence attributed to the plaintiff . . ."
Also see New Jersey Statutes Annotated, § 2A:15-5.1 and Massachusetts General Laws Annotated, § 85 for language similar to that of the New Hampshire Act.
Based on the foregoing, the court will grant both motions to strike and in fact strike the first and second counts of the Apportionment Complaint and the corresponding prayer for relief. But in fairness to counsel, the court will set forth what its opinion does not reach or intend to address:
(1) Paragraph 16 of the complaint states that "the plaintiffs also suffered the inconvenience and distress associated with discovering and fixing these defects." The issue presented is whether a damage claim based solely on mental pain and suffering not accompanied by or arising out of physical injury falls within the definition of "personal injury" as used in subsections (b) and (c) of § 52-572h. If so, then it can certainly be argued that this present opinion is not controlling and an apportionment complaint under the statute can lie against the moving parties to this motion. Perhaps more exactly in this case the question is whether in fact the plaintiffs are making an actual claim for mental suffering and pain, properly understood, by the language used in paragraph 16. The issue was not briefed, was only mentioned in passing at oral argument. The plaintiff, Mrs. Vaught's, deposition was conducted only after the briefs in these motions were filed. The court is confused CT Page 7658 as to the appropriate ambit of the claim being made in paragraph 16. Therefore, the court, pursuant to its authority as set forth in P.B. § 10-1 suggests that the plaintiffs decide or elect whether a mental suffering or pain claim is being made and, if so, to amend their pleadings to reflect that such a claim is being made. Then the issue on comparative negligence can be rejoined if the amendment leads to the filing of a new apportionment claim. If any party has a problem with this solution, please contact my clerk and the matter can be set down for further argument. But the court believes this issue should be resolved as soon as possible before trial.
2) The apportionment claim in both counts is made explicitly under § 52-572h(c) and is not based on common law theory. This court does not now decide that a common law apportionment claim should not be allowed since it is confined to the pleadings. The commentators to the Uniform Comparative Fault Act had no difficulty with such a solution even as regards apportionment. At the end of the comment to that act previously quoted, the commentators said that although negligent misrepresentation does not fall under the act, a state can reach the same result through the Common Law; also see Williams Ford v. Hartford CourantCo., supra, regarding contributory negligence and common law right to assert it.
In any event, the motion to strike both counts of the apportionment complaint is granted.
Corradino, J.