[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Laurie Darnaby, alleges to have sustained injuries in a parking lot owned and controlled by the defendant Trumbull Equities, LLC d/b/a Alma Realty Co. (Trumbull), while in the employ of Falcon Products, Inc. (Falcon). The plaintiff brought suit against Trumbull Equities on March 23, 2001. Falcon filed a motion to intervene on April 3, 2001, seeking recovery of money paid to the plaintiff by virtue of the Workers' Compensation Act. The motion to intervene was granted on April 16, 2001. In response to the intervening complaint, the defendant raised two special defenses alleging that (1) "the intervening plaintiff's negligence was a proximate cause of the injuries, damages and losses claimed by the intervening plaintiff and that intervening plaintiff's negligence was of a sufficient degree as to constitute a bar or proportionally reduce its claims pursuant to § 52-572 (h) of the Connecticut General Statutes" and (2) "Falcon Products, Inc., was itself negligent and its negligence was a substantial factor in causing the occurrence and injuries of which the plaintiff complains."
On September 6, 2001, Falcon filed a motion to strike both special defenses on the ground that the defenses fail to set forth a viable legal claim because the intervening plaintiff's right to reimbursement of benefits paid in workers' compensation is determined by General Statutes § 31-293, therefore the defendants cannot raise the employer's negligence as a bar to recovery.
On September 11, 2001, the defendants filed an objection to the motion to strike the special defenses claiming that Falcon exposes itself to tort defenses by virtue of entering as a party to the litigation.
"[A] plaintiff can [move to strike] a special defense. . . ." Nowak v.Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978); see also ConnecticutNational Bank v. Voog, 233 Conn. 352, 354-55, 659 A.2d 172 (1995); Girardv. Weiss, 43 Conn. App. 397, 417, 682 A.2d 1078, cert. denied,239 Conn. 946, 686 A.2d 121 (1996). In ruling on a motion to strike, the trial court is obligated "to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable CT Page 17386 to sustaining their legal sufficiency." Connecticut National Bank v.Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992).
The defendant alleges that the intervening plaintiff was negligent and was the proximate cause of injuries, damages and losses claimed by the plaintiff. The defendant further alleges that the intervening plaintiff's negligence was a substantial factor in causing the occurrence and injuries of which the plaintiff complains.
The claim of the intervening plaintiff is based on General Statutes § 31-293, therefore, the alleged negligence of the employer is not relevant to the statutory cause of action. "In addition to allowing an employee to bring a claim against a tortfeasor, § 31-293 (a) allows an employer that has paid or become obligated to pay compensation to the injured employee under the Workers' Compensation Act to take action against a third person who is legally liable to pay damages for an injury to an employee." (Internal quotation marks omitted.) Doucette v. Pomes,247 Conn. 442, 468, 724 A.2d 481 (1999).
In Durniak v. August Winter Sons, Inc., 222 Conn. 775, 610 A.2d 1277
(1992), an employer intervened to recover workers' compensation benefits paid by the defendant on behalf of its employee. As a special defense, the defendant asserted that the plaintiff's injuries resulted from the employer's negligence. The employer moved to strike the special defense. The District Court in that case requested certification of the issue and it was held that a third party tortfeasor may not raise the negligence of the injured party's employer as a special defense where the employer has intervened as a party plaintiff in a personal injury action to secure the employer's 31-293 (a) right to reimbursement of worker's compensation benefits. However, "[a] different result might follow if the special defense alleged not merely the negligence of the employer but included some other basis for liability such as the existence of an independent relationship between the defendant and the employer." Durnaik v. AugustWinter Sons, Inc., 222 Conn. 775, 782 n. 5, 610 A.2d 1277 (1992). In the present case, no independent legal relationship with the intervening plaintiff is alleged and it is therefore improper to raise the negligence of the plaintiff's employer as a special defense.
Furthermore, the one paragraph memorandum in support of the defendant's objection to the motion to strike the special defenses does not cite any legal authority upon which the objection relies. "Where a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Citations omitted; CT Page 17387 internal quotation marks omitted.) Ferrara v. Hospital of St. Raphael,54 Conn. App. 345, 351, 735 A.2d 357, cert. denied, 251 Conn. 916,740 A.2d 864 (1999). For the foregoing reasons Falcon's motion to strike the special defenses is granted.
The defendant's special defenses fail to set forth a viable claim because the intervening plaintiff's right to reimbursement of benefits are determined by the statutory scheme set forth in General Statutes § 31-293. Furthermore, because the memorandum in support of defendant's objection to the motion to strike the special defenses does not cite any legal authority upon which the objection relies, Falcon's motion to strike the special defenses is granted.
Howard F. Zoarski Judge Trial Referee