[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM
The plaintiff, Bernard Guimont, filed this two-count complaint against the defendant, Attorney John Franckling, seeking damages for injuries and losses allegedly sustained as a result of the defendant's failure to timely bring a personal injury claim on behalf of the plaintiff for injuries allegedly sustained by the plaintiff during the course of his employment with Henkels McCoy, Inc. ("Henkels").
Count one sounds in legal malpractice. Count two alleges breach of implied contract against the defendant for failing to bring the plaintiff's claim with diligence, a duty arising under the Rules of Professional Conduct.
On February 13, 2002, Henkels filed a motion to intervene based on its payments to plaintiff under the Workers' Compensation Act which was granted by the court, Stengel, J., on July 29, 2002.
On October 21, 2002, the defendant filed this motion to strike the intervening complaint on the ground that the act does not permit Henkels to intervene in the plaintiff's legal malpractice action because the action arises from a contractual attorney-client relationship and does not fall with the purview of the act.
 I.
In the absence of Appellate authority, it is noted that the issue has been squarely addressed by our Superior Court in Pinney v. May, Superior Court, Judicial District of New Haven at Meriden, Docket No. CV 96 0254468 (July 17, 1997, DiPentima, J.) (20 Conn.L.Rptr. 163), involving a legal malpractice action against the defendant for failing to properly prosecute the decedent's personal injury action and a motion by the plaintiff's employer to intervene in the action pursuant to the Workers' Compensation Act. CT Page 2790-n
The court examined the language of the act and found that while it does permit employers to claim reimbursement against a third party causing personal injury to the employee, it is specific as to the injury to which the right to recovery applies. In reviewing the specific language of General Statutes § 31-293, providing that "[T]he claim of the employer shall consist of (1) the amount of any compensation which he has paid on account of the injury which is the subject of the suit" (emphasis added), the court concluded that "[t]he statute does not provide for claims for other injuries in other lawsuits. . . . [I]t does not include the intervention of the employer in a suit brought against a party not responsible for the work-related injury" and denied the motion to intervene.
 II.
This court understands that there may be public policy considerations for allowing the employer to intervene in the present action and seek reimbursement for benefits it has paid an employee, such as preventing double recovery by an injured employee; Durniak v. August Winter Sons, Inc., 222 Conn. 775, 779-80, 610 A.2d 1277 (1992); and thereby containing the cost of workers' compensation insurance. This issue was addressed by Judge DiPentima in Pinney v. May, supra, who concluded that the plaintiff was unlikely to recover damages that would include the monies paid out by the employer because the measure of damages in the legal malpractice action would be the value of the underlying personal injury lawsuit in which the intervening claim of the employer would be reflected.
Defendant's motion to strike the intervening complaint is GRANTED. CT Page 2790-o