[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE NO. 121 AND 124
FACTS
On April 9, 1996, the plaintiff, John Foote, filed a two count complaint against the defendant, Sordoni/Skanska Construction Company (Sordoni). The complaint alleges that Foote, while an employee of a subcontractor, was invited onto a construction site by Sordoni, the general contractor, to participate in the construction of a building. The complaint further alleges that Foote was injured on the construction site because of Sordoni's negligence and/or breach of contract.
On May 24, 1996, the intervening plaintiff, Berlin Steel Construction Company (Berlin), filed a motion to intervene together with an intervening complaint against Sordoni seeking reimbursement for the workers' compensation payments it made as Foote's employer. Berlin was the subcontractor, employer of Foote. The court, Thim, J., granted Berlin's motion to intervene on June 17, 1996.
On June 18, 1996, Sordoni filed an answer and special defense to Berlin's intervening complaint. Sordoni's special defense alleged that the contributory negligence of Berlin caused Foote's alleged injuries. On July 25, 1996, Berlin filed a motion to strike Sordoni's special defense on the ground that allegations of contributory negligence on the part of the employer are not properly raised as a special defense nor can negligence of an employer be apportioned under General Statutes § 52-572h. The court, Thim, J., granted Berlin's motion to strike on September 16, 1996.
On September 26, 1996, Sordoni filed an amended answer and special defense to Berlin's intervening complaint. On October 3, 1996, Berlin filed a request to revise Sordoni's amended special defense on the ground that Sordoni pleaded allegations of negligence and breach of contract in a single special defense. On October 10, 1996, Sordoni filed a revised answer and special CT Page 3838 defenses to the intervening complaint. Sordoni's first special defense alleges that Berlin and Sordoni entered into a contract whereby Berlin agreed to inspect and test the work it performed on the construction site. The first special defense further alleges that any injury suffered by Foote was caused by the negligence of Berlin. Sordoni's second special defense also alleges that Berlin and Sordoni entered into a contract whereby Berlin agreed to inspect and test the work it performed on the construction site. The second special defense further alleges that any injuries suffered by Foote occurred because Berlin breached its contractual obligations.
On November 13, 1996, Berlin filed a motion to strike [#124] Sordoni's revised special defenses together with a supporting memorandum of law. On December 4, 1996, Sordoni filed an objection to Berlin's motion to strike.[1]
 STANDARD
The function of a motion to strike "is to test the legal sufficiency of a pleading." RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384, 650 A.2d 153 (1994); Practice Book § 152. "[A] plaintiff can [move to strike] a special defense. . . ."Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978); Practice Book § 152(5). A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth omitted.) Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). When reviewing a motion to strike, the "trial court must take the facts to be those alleged in the [attacked pleading] . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted.) Liljedahl Bros.,Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). When ruling on a motion to strike the court must construe the facts most favorably to the nonmoving party and "[i]f facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied." RK Constructors,Inc. v. Fusco Corp., supra, 384.
DISCUSSION
Berlin moves to strike Sordoni's special defenses "on the grounds that allegations of contributory negligence on the part of the employer are not properly raised as a special defense nor can negligence of an employer be apportioned under Conn. Gen. Stat. § 52-572h. . . . [and] the issues raised do not CT Page 3839 properly constitute special defenses. . . ." Sordoni responds that both special defenses are well pleaded because they contain allegations of an independent legal relationship such that an employer's negligence can be considered when seeking a reduction in Berlin's attempted recovery of its workers compensation payouts. The court agrees.
General Statutes § 31-284 (a) provides, in pertinent part, that:
 "[a]n employer who complies with the requirements of subsection (b) of this section shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment . . . but an employer shall secure compensation for his employees as provided under this chapter. . . . All rights and claims between an employer who complies with the requirements of subsection (b) of this section and employees . . . arising out of personal injury . . . sustained in the course of employment are abolished other than rights and claims given by this chapter. . . ."
General Statutes § 31-293 (a) provides in pertinent part that:
 "[w]hen any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a person other than an employer who has complied with the requirements of subsection (b) of section 31-284, a legal liability to pay damages for the injury, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of the injured employee against such person, but the injured employee may proceed at law against such person to recover damages for the injury; and any employer . . . having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against such person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee."
CT Page 3840
General Statutes § 52-572h (c) provides, in pertinent part, that:
 "[i]n a negligence action to recover damages resulting from personal injury . . . if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages except as provided in subsection (g) of this section."
Subsection (g) details the procedure by which a plaintiff can reallocate and collect an uncollected judgment from other defendants.
Apportionment defendant nor shall such person's liability be considered for apportionment purposes pursuant to section 52-572h."
In Durniak v. August Winter Sons, Inc., 222 Conn. 775,610 A.2d 1277 (1992), the Connecticut Supreme Court was presented with the certified question of "[i]s it proper for a defendant to raise the negligence of the plaintiff's employer as a special defense in answer to the intervening complaint of the plaintiff's employer in a case where the intervening complaint is based solely upon the statutory rights accorded the plaintiff's employer under Connecticut General Statutes Statute[s] §31-293?" Id., 778 n. 3. The court answered the certified question in the negative, holding that the third party tortfeasor may not ordinarily assert the negligence of the plaintiff's employer as a special defense. Id. Nevertheless, the court noted that "[a] different result might follow if the special defense alleged not merely the negligence of the employer but included some other basis for liability such as the existence of an independent relationship between the defendant and the employer." Id., 782 n. 5, citing Ferryman v. Groton, 212 Conn. 138, 143-45,561 A.2d 432 (1989). In Ferryman v. Groton, the court held that an employee-employer relationship between a plaintiff and a third party defendant in a wrongful death action does not bar a claim for indemnity brought by the original defendant against the third party defendant where there are allegations of an independent relationship between the original defendant against the third party defendant where there are allegations of an independent CT Page 3841 relationship between the original defendant and the third party defendant-employer. Id., 139. Thus, where the defendant-tortfeasor has alleged the existence of an independent relationship between it and the intervening plaintiff-tortfeasor, the defendant-tortfeasor can raise the special defense of employer negligence. Caron v. Connecticut Light and Power Co.,
Superior Court, judicial district of Danbury at Danbury, Docket No. 32 08 34 (May 10, 1996, Moraghan, J.); Boland v. ConnecticutResources Recovery Authority, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 29 62 90 (May 11, 1995, Hauser, J.); McGahee v. Safeway Moving, Superior Court, judicial district of Waterbury, Docket No. 11 98 54 (March 20, 1995, Flynn, J.).
In the present case, the first special defense alleges that a contract existed between Berlin and Sordoni which required Berlin to test and inspect its work on the construction site. The first special defense then alleges that if Foote was injured, "all such injuries, losses and damages were caused or brought about by the acts, failure to act and/or negligence of intervening Berlin. . . ." The second special defense also alleges the existence of a contract between Berlin and Sordoni which required Berlin to test and inspect its work on the construction site. The second special defense then alleges that if Foote was injured, "all such injuries, losses and damages were caused or brought about by intervening plaintiff, Berlin Steel breaching its contract obligations. . . ." Therefore when reading the special defenses in the light most favorable to the pleader, Sordoni has alleged enough facts to claim that an independent legal relationship, to wit a contract, existed between itself and Berlin.[2] The exact nature and extent of the alleged independent legal relationship, and whether there has been a breach of any duty owed to Sordoni by Berlin, are issues that cannot be resolved on a motion to strike because resolution of these issues necessarily involves evidence outside of the pleadings.
Berlin also argues that Sordoni's special defenses are not proper special defenses. "As a general rule, facts must be pleaded as a special defense when they are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. The fundamental purpose of a special defense, like other pleadings is to apprise the court and opposing counsel of the issues to be tried, so that basic issues are not concealed until the trial is underway." Bennett v.CT Page 3842Automobile Ins. Co. of Hartford, 230 Conn. 795, 802, 646 A.2d 806
(1994); Practice Book § 164. In the present action, Berlin seeks recovery, from Sordoni, of workers' compensation benefits it has paid to Foote, pursuant to General defenses are proper special defenses. See, e.g., Caron v. Connecticut Light and PowerCo., supra; Boland v. Connecticut Resources Recovery Authority,
supra; McGahee v. Safeway Moving, supra.
CONCLUSION
Therefore, Berlin's motion to strike Sordoni's special defenses [#124], and Foote's motion to strike Sordoni's special defenses [#121], should be and are hereby DENIED.
MELVILLE, JUDGE