[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On June 4, 1996, the decedent, Filipe J. Coelho, slipped and fell off a stone wall that was located on the property of the defendants, William and Kimberly Speece, who had hired him to work on said property. His head impacted against large boulders situated near the base of the stone wall and he suffered severe injuries resulting in his death on June 20, 1996. On June 2, 1998, the plaintiff, the Administratrix of the deceased's estate, instituted this proceeding sounding in negligence against the defendants. On November 16, 1998, the defendants/apportionment plaintiffs filed a complaint seeking apportionment from the builders of the defendants' residence and stone wall, R.M. Harris and Harris Associates, and the town of Greenwich. Greenwich (the town) filed an answer with special defenses on November 30, 1999. The apportionment plaintiffs now move to strike the town's fifth special defense pursuant to Practice Book § 10-39.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Citation omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269,270 (1998). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulknerv. United Technologies Corp., 240 Conn. 576, 580 (1997).
"[A] plaintiff can [move to strike] a special defense. . . ." Nowak v.Nowak, 175 Conn. 112, 116 (1978); see also Connecticut National Bank v.Voog, 233 Conn. 352, 354-55 (1995). "`The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action.'" City of Danbury v. Dana Investment Corporation, 249 Conn. 1, 17
(1999), quoting Grant v. Bassman, 221 Conn. 465, 472-73 (1992).
In the present case, the apportionment defendants originally moved to strike the town's fourth and fifth special defenses in a motion dated December 8, 1999. Subsequently, however, in their reply to the town's objection, the apportionment defendants withdrew their motion to strike the fourth special defense leaving only the fifth special defense subject CT Page 7086 to this motion.
The apportionment plaintiffs motion to strike the fifth special defense is improperly asserted. Section 10-50 of the Practice Book recites a general denial is the proper pleading. "In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion." (Citation omitted.) Meredith v. Police Commission, 182 Conn. 138,140 (1980).
The town's fifth special defense is as follows: "If the plaintiffs' injuries and damages were caused by a dangerous and/or defective condition in the wall, which is denied, then said condition was caused by the acts and/or omissions of the defendants R.M. Harris and Harris Associates."
It is well settled that a claim of causation, as in the town's fifth special defense, should be proved under a general denial. In Tine v.Mallory, Superior Court, judicial district of New London at Norwich, Docket No. 116645 (September 10, 1999, Mihalakos, J.), the court granted the plaintiffs motion to strike where the defendant attempted to demonstrate that another party was responsible for the plaintiffs injuries. That court held that the claim of causation should be pleaded under a general denial. Additionally, the court found that neither Practice Book § 10-50 nor § 10-51 provided a procedural or legal right to defend by asserting injury was caused by another. See id.; see also Scott v. Foltz, Superior Court, judicial district of New London at New London, Docket No. 543218 (December 16, 1998, Mihalakos, J.); Feer v.Santini, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 531207 (June 13, 1997, Sullivan, J.) (19 Conn.L.Rptr. 612); Cunningham v. Chainsaws Unlimited, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 054001 (June 30, 1992, Pickett, J.); cf. Durniak v. August Winter Sons, Inc., 222 Conn. 775, 782 n. 5, (1992) (court found that appropriate method for alleging third party's negligence is general denial and not special defense in workman's compensation context).
Therefore, in the present case, the town cannot attempt to demonstrate, by way of a special defense, that another party was responsible for the decedent's injuries and death, and the motion to strike is, accordingly, granted.
Moraghan, J.