[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff-employee, Stephen Michael Beecher (Beecher), filed an amended complaint on July 9, 1999, alleging in count one that he sustained injuries while performing electrical work at the Elizabeth S. Shelton School in Shelton, Connecticut on August 1, 1996. Beecher further CT Page 15817 alleges that at the time of his injuries he was performing work for his employer, B B Electrical Contractors (B B), under a contract B B had entered into with Shelton. Beecher alleges that the injuries and damages sustained by him were caused by the negligence and carelessness of Shelton.
On December 18, 1998, B B filed an intervening complaint against Shelton pursuant to the Connecticut Workers' Compensation Act seeking to recover monies paid to Beecher. On October 5, 2000, Shelton filed a three count counterclaim against B B. In count one of the counterclaim, Shelton alleges breach of contract based upon B B's failure to provide insurance or name Shelton as an additional insured as required by their subcontract with Olympus (the general contractor on the project). It alleges that Shelton was a third party beneficiary of B B's subcontract with Olympus and that as a result of B B's breach of the subcontract, Shelton suffered harm. In count two, Shelton alleges a right to contractual indemnification based on B B's obligation under the subcontract to indemnify and hold Shelton harmless for losses caused by B B's own carelessness and negligence. In count three, Shelton alleges a right to common-law indemnification based on B B's active/passive negligence.
On March 1, 2001, B B filed a motion to strike Shelton's entire intervening complaint on the grounds that it is barred by the exclusivity provision of the workers' compensation statute and Shelton has failed to plead "that there exists a contract, i.e., an independent legal basis for claims against B B."
As required by Practice Book § 10-42, the defendant filed a memorandum in support of its motion to strike, and the plaintiff timely filed a memorandum in opposition.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). The court is limited "to a consideration of the facts alleged in the complaint. A "speaking' motion to strike (one imparting facts outside the pleadings) will not be granted." Doe v.Marselle, 38 Conn. App. 360, 364, 660 A.2d 871 (1995), rev'd on other grounds, 236 Conn. 845, 675 A.2d 835 (1996); see also Rowe v. Godou,209 Conn. 273, 278, 550 A.2d 1073 (1988). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be CT Page 15818 denied. . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Brackets in original; citation omitted; internal quotation marks omitted.) Lombard v. EdwardJ. Peters, Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630 (2000).
B B argues in its memorandum in support of its motion to strike that Shelton's claim is barred by the exclusivity provision of the workers' compensation statute and relies on Durniak v. August Winter Sons,222 Conn. 775, 610 A.2d 1277 (1992), in which the court held that a third party tortfeasor may not raise the negligence of the employer as a special defense in answer to the intervening complaint of the plaintiff's employer in a case where the intervening complaint is based solely upon the statutory rights accorded the plaintiff's employer under Connecticut General Statutes. As stated previously, B B also argues that Shelton has "failed to plead that there exists a contract, i.e., an independent legal basis for claims against B B."
Shelton argues in its memorandum in opposition to B B's motion to strike that Durniak is not dispositive of this case because its counterclaim sounds in breach of contract and not contributory or comparative negligence as was the case in Durniak. Shelton also argues that its claims are not barred by the exclusivity provision of the workers' compensation statute because the claims are based on an independent duty on the part of B B to Shelton resulting from the B 
B/Olympus contract, to which Shelton is a third-party beneficiary.
"When the third party, in a suit by the employee, seeks recovery over against a contributory negligent employer, contribution [or indemnification] is ordinarily denied on the ground that the employer cannot be said to be jointly liable in tort to the employee because of the operation of the exclusive-remedy clause [of the Workers' Compensation Act]. But if the employer can be said to have breached an independent duty toward the third party, or if there is a basis for finding an implied promise of indemnity, recovery in the form of indemnity may be allowed." Ferryman v. Groton, 212 Conn. 138, 144-45,561 A.2d 432 (1989). "The right to indemnity is clear when the obligation springs from a separate contractual relation, such an employer-tenant's express agreement to hold the third-party landlord harmless, or a bailee's obligation to indemnify a bailor, or contractor's obligation to perform his work with due care. . . ." Id., 145.
Shelton has sufficiently alleged in its counterclaim that B B breached an independent legal duty owed to Shelton by virtue of the B 
B/Olympus contract. Specifically, as stated above, Shelton alleges that the B B/Olympus contract required B B to indemnify and hold Shelton harmless for damages resulting from B B's own carelessness and CT Page 15819 negligence. Shelton further alleges that B B failed to perform this obligation, resulting in harm to Shelton. This duty is not related to the employee/employer relationship between B B and Beecher, but upon an entirely independent and separate duty owed to Shelton. FollowingFerryman, these allegations are sufficient to establish the required independent relationship. Ferryman v. Groton, supra, 212 Conn. 144.
B B's reliance on Durniak v. August Winter Sons is misplaced. Shelton is correct in its assertion that Durniak involves the effect of the Workers' Compensation Act upon claims of negligence against an employer and not claims of breach of contract. In Durniak, the court found that a defendant may not raise the negligence of the plaintiff's employer as a special defense in answer to the intervening complaint of the plaintiff's employer where the intervening complaint is based solely upon the plaintiff employer's statutory right to workers' compensation reimbursement. Durniak, supra, 222 Conn. 782-83. The court's holding is limited to claims of contributory or comparative negligence. Id., 781. Because Shelton's claims are based on an alleged independent contractual relationship between itself and B B and not solely in negligence,Durniak does not apply.
The preceding discussion involves Shelton's claims for indemnification based on active-passive negligence in count three of its counterclaim. It should be noted that Shelton states a claim for breach of contract in count one and a claim for contract-based indemnification in count two. Under Connecticut Law, to state a contract-based indemnification claim, the claimant must allege either an express or an implied contractual right to indemnification. Fifield v. South Hill Ltd. Partnership,20 F. Sup.2d 366, 370 (D.Conn. 1998). "There is no requirement that a party seeking indemnification must assert allegations of "exclusive control" (or any of the other elements of a claim for indemnification based on active-passive negligence) in order to state a legally sufficient claim for contractual indemnification." Morel v. UniccoService Company, judicial district of Fairfield at Bridgeport, Docket No. 307697 (December 4, 1995, Maiocco, J.).
Shelton alleges in its counterclaim that it is a third-party beneficiary of the Olympus/B B subcontract. It further alleges that the subcontract obligated B B to defend and indemnify Shelton from all claims arising out of the work to the extent caused in whole or in part by the negligence of B B and that B B breached this provision of the subcontract. These allegations are sufficient to state claims for breach of contract and an express right to contractual indemnification.
Shelton has sufficiently alleged in its counterclaim that B B owed it an independent duty based on an independent relationship between the two CT Page 15820 parties. Where an independent duty is alleged along with the other elements of common-law indemnification, the workers' compensation statute does not bar Shelton's claim. In addition, Shelton has sufficiently alleged breach of contract and a right to contractual indemnification. Accordingly, B B's motion to strike is denied.
Howard F. Zoarski Judge Trial Referee