[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE (#115)
Before the court is the plaintiffs motion to strike (#115) the defendant's apportionment complaint (#109) against Lashanda Heath. For the following reasons, the court grants the plaintiffs motion.
 I. BACKGROUND
The plaintiff, Qualnisha Lowe, filed a complaint against the defendant, Italian Society of Middletown, Inc., on October 31, 2001. The plaintiff alleges that, on June 18, 2000, while she was attending an event on the defendant's premises, she was pushed down a flight of stairs by a bouncer At the bottom of the stairs, LaShanda[1] Heath struck her in the face and head, and cut her with a knife, causing serious injuries. The defendant filed an apportionment complaint against Heath on January 17, 2002, pursuant to General Statutes § 52-572h. The apportionment complaint alleges that Heath was negligent and is or may be liable for a proportionate share of the damages alleged in the plaintiffs complaint.
On April 9, 2002, the plaintiff filed a motion to strike the apportionment complaint on the ground that it is legally insufficient. The plaintiff argues that apportionment is applicable only to negligence and CT Page 8395 that, as to Heath's conduct, the complaint in this case concerns an intentional assault. The defendant filed an objection to the motion on April 12, 2002, asserting that the allegations in the apportionment complaint against Heath sound in negligence only. The plaintiff filed a reply memorandum in support of the motion on April 25, 2002.
 II. STANDARD OF REVIEW
"Whenever any party wishes to contest . . . the legal sufficiency of the allegations of any complaint . . . or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a). The court must "take the facts to be those alleged in the complaint . . . and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Vacco v. Microsoft Corp., 260 Conn. 59, 65, 753 A.2d 927 (2002). "Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged. . . . It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Citation omitted; internal quotation marks omitted.) Gazo v. City of Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). In reviewing a motion to strike, the court is limited to the grounds set forth in the motion. See Blancato v. Feldspar Corp., 203 Conn. 34, 44, 522 A.2d 1235
(1987).
 III. DISCUSSION
General Statutes § 52-102b (a) provides in pertinent part: "A defendant in any civil action to which section 52-272h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiffs damages in which case the demand for relief shall seek an apportionment of liability. . . ." General Statutes § 52-572h applies only to negligence actions. See Durniak v. August Winter Sons, Inc.,222 Conn. 775, 782, 610 A.2d 1277 (1994). Thus, the term "a civil action to which § 52-572h applies, within the meaning of § 52-102b, means a civil action based on negligence." (Internal quotation marks omitted.) Allard v. Liberty Oil Equipment Co., 253 Conn. 787, 793-95,756 A.2d 237 (2000). In 1999, the legislature expressly limited the circumstances in which negligence can be apportioned. General Statutes § 52-572h (o), as amended by public act 99-69, § 1(o), provides in pertinent part: "Except as provided in subsection (b) of this CT Page 8396 section, there shall be no apportionment of liability or damages between parties liable for negligence and parties liable on any basis other than negligence including, but not limited to, intentional, wanton or reckless misconduct, strict liability or liability pursuant to any cause of action created by statute. . . ."
In Allard v. Liberty Oil Equipment Co., supra, 253 Conn. 787, the Connecticut Supreme Court explained that in public act 99-69, § 1 (o), the legislature amended § 52-572h and "reaffirmed that . . . only negligent persons may be cited in as apportionment defendants pursuant to the statute. . . . [and] made clear its intent that apportionment principles would not apply where the basis of liability of the purported apportionment defendant was based on conduct `other than negligence,' including but not limited to intentional, wanton or reckless misconduct, strict liability and liability pursuant to any cause of action created by statute." Allard v. Liberty Oil Equipment Co., supra,253 Conn. 803. Based on this ruling, it is clear that "a defendant cannot use § 52-102b to apportion liability to an intentional tortfeasor simply by recharacterizing the tortfeasor's conduct as negligent." Calore v. Town of Stratford, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 357147 (January 8, 2001, Melville, J.) (28 Conn.L.Rptr. 653).
The original complaint, which is incorporated by reference into the apportionment complaint (see apportionment complaint, ¶ 1), alleges that the plaintiff "was pushed by a `bouncer' out of the hall . . . and down the stairs. At the bottom of the stairs LaShandra Heath struck [the plaintiff] in the face and head while the `bouncer' held plaintiffs arm down, Ms. Heath also cut plaintiff with a knife causing severe and substantial injuries." (Complaint, ¶ 5.) Included in the alleged injuries are "facial contusions, multiple abrasions and lacerations to her face, right ear, head, neck, chest wall, left breast, puncture wound in the neck, some of which required sutures." (Complaint, ¶ 6.) The apportionment complaint alleges that Heath was negligent in that she carelessly engaged in an altercation with the plaintiff, confronted the plaintiff in a threatening and violent manner when she knew or should have known that such conduct would result in violence and injury, used excessive and unreasonable and dangerous force in initiating, participating in or responding to an altercation with the plaintiff and carried or used an unreasonable and dangerous weapon in the course of her altercation with the plaintiff. (Apportionment Complaint, ¶ 6 (a) — (d).)
An assault may be committed intentionally or negligently. See Markey v. Santangelo, 195 Conn. 76, 78, 485 A.2d 1305 (1985); Calore v. Town of Stratford, supra. Here, the allegations in the original complaint, which CT Page 8397 are incorporated into the apportionment complaint, describe an intentional assault. The asserted facts, set forth in the apportionment complaint, that while in the course of this assault, Heath was careless and used excessive and unreasonable force, do not change the legal character of her act. See State Farm Fire Casualty Co. v. Bullock, Superior Court, judicial district of New Haven at New Haven, Docket No. 387111 (May 30, 1997, Blue, J.) (19 Conn.L.Rptr. 599). The facts alleged there are illustrative. After alleging that "Michael" verbally threatened and pushed him, the plaintiff alleged that Michael "struck [him] multiple times on his face and body with his hands and fist, causing plaintiff to fall to the ground, lose consciousness and causing [his] injuries." (Internal quotation marks omitted.) Id., 19 Conn.L.Rptr. 601. "[T]he same conduct cannot reasonably be determined to have been both intentionally and negligently tortious." (Internal quotation marks omitted.) Id.,19 Conn.L.Rptr. 602 (quoting American National Fire Insurance Co. v. Schuss, 221 Conn. 768, 777, 607 A.2d 418 (1992)).
"If intent to harm is present, it is immaterial that the actual injury caused is different in character or magnitude from that originally contemplated. . . . The intent itself may be actual or inferred from the nature of the act and the accompanying reasonable foreseeability of harm. . . . The crucial question [is] whether [Michael] intended, or expected, to cause any personal injury, not whether he intended to cause the precise magnitude of the injuries sustained. . . . The DaCruz complaint alleges that Michael approached, threatened, and pushed David DaCruz and `struck [him] multiple times on his face and body with his hands and fists, causing him to fall to the ground [and] lose consciousness.' In such a case reason mandates that from the very nature of the act, harm to the injured party must have been intended. . . . The asserted fact that, while in the course of this assault, Michael negligently used excessive and unreasonable force does not change the legal character of his act. Our law does not recognize the concept of a reasonably prudent assailant. An unreasonably forceful assault remains an assault." (Internal quotation marks omitted and citations omitted.) State Farm Fire Casualty Co. v. Bullock, supra, 19 Conn.L.Rptr. 602.
Here, the circumstances are similar. In the complaint, it is alleged that Heath struck the plaintiff in the face and head while another person held her and then cut her with a knife, causing serious injuries, including multiple abrasions and lacerations. In view of this alleged conduct, the court infers that harm was intended by Heath. The defendant is attempting to recharacterize the intentional conduct by Heath as negligent. Accordingly, the plaintiffs motion to strike the apportionment complaint is granted.
It is so ordered. CT Page 8398
BY THE COURT
 ___________________ ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT